# CHARLESTON.

CALVERT v. MURPHY et als.

Submitted February 17, 1914.    Decided March 24, 1914.

1. ADVERSE POSSESSION—*Color of Title—Wife's Deed.*

   A deed by a married woman, her husband not joining therein, and therefore void, purporting to convey her sole and separate estate in land, is nevertheless color of title, by which and adverse possession thereunder for ten years and payment of taxes, the grantee may acquire absolute title, working a disseizin of her estate in the land. (p. 733).

2. CURTESY—*Bar of Right—Conveyance of Property.*

   Where a married woman has been so disseized of her separate estate in land in her life time, her husband, as tenant by the curtesy, though at the time of her conveyance and subsequently and until after her death under the disability of insanity, cannot within five years after disability removed recover from the purchaser, or his successors in title, possession of such land, for the statute of limitations having run against her in her life time, disseizing her, she would not within the meaning of section 15, chapter 65, Code 1913, serial section 3663, die seized of an estate of inheritance in such land, so as to entitle him to curtesy therein. (p. 734).

Error to Circuit Court, Wetzel County.

Ejectment by James C. Calvert against Clmenia Murphy and others. Judgment for defendants, and plaintiff brings error.

*Affirmed.*

*Hall & Hall,* for plaintiff in error.

*A. C. Chapman, T. P. Jacobs, F. V. Iams* and *J. Glenn Snodgrass,* for defendants in error.

MILLER, PRESIDENT:

Plaintiff sued in ejectment to recover possession of an alleged estate by the curtesy in land once owned by his wife, of which the declaration alleges he was possessed on July 1, 1910, but that afterwards on the same day defendants entered and unlawfully withhold possession thereof from him. Pleas of not guilty and the statute of limitations were interposed by the defendants.

The agreed facts submitted to the court in lieu of a jury, are substantially as follows: On and prior to November 2, 1891, Martha J. Calvert, plaintiff's wife, owned by inheritance from her father, a separate estate in fee, in a tract of 46¼ acres of land. On that day, for full consideration paid, she sold, and by separate deed, in which her husband, then and prior, and until March 30, 1906, an insane person, did not join, she undertook to convey said land to her brother, H. N. Johnson, and then put him in possession thereof. He held continuous, open and exclusive possession thereof and paid all taxes thereon until March 14, 1898, on which date he and his wife conveyed the land to W. H. Murphy putting him in actual possession thereof, and who continued to occupy the same openly and exclusively and paid all taxes thereon until his death, occurring May 28, 1910, leaving surviving him his widow, Clmenia Murphy, and certain heirs, named as defendants in this action, and from whom plaintiff, as alleged tenant by the curtesy, seeks recovery of said land. Martha J. Calvert died July 24, 1904, leaving plaintiff, her husband, insane until March 30, 1906, and a daughter, Jennie Crow (nee Calvert), surviving her.

This action was begun August 1, 1910, and from the agreed

facts it now appears that H. N. Johnson held adverse possession of said land from November 2, 1891, to March 14, 1898, a period of six years, four months and twelve days; that after him William H. Murphy, his grantee, continued in adverse possession thereof from the date of his deed, March 14, 1898, to the date of his death, May 28, 1910, a period of twelve years, two months and fourteen days, and that his widow and heirs, defendants, have since then and up to the bringing of this suit been in like possession thereof; that at the death of Martha J. Calvert, occurring July 24, 1904, Johnson, her immediate grantee, and Murphy under him, had been in adverse possession of said land twelve years, eight months and twenty-two days; and that the period of four years, four months and one day elapsed after plaintiff was relieved of his disability until he instituted this suit.

It is conceded that if the statute of limitations ran against Martha J. Calvert, a married woman, from the date of her deed to Johnson, she was barred of recovery after the lapse of ten years from that date, which was November 2, 1901, or four years, four months and twenty-eight days before plaintiff's disability was removed.

The court below upon the issues and facts presented found for defendants, and pronounced the judgment of nil capiat complained of.

It is conceded that Mrs. Calvert's deed to Johnson of 1891, not joined in by her husband, was void, but two questions are presented: First, did her deed constitute color of title, by which her grantee with adverse possession under it for the requisite period could acquire good title, and work a disseizin of her estate and interest in the land? Second, if this question be affirmed, she being so disseized in her life time, is plaintiff thereby also barred, or did right of action on her death accrue to him, and continue for five years after his disability was removed?

On the first question it is hardly necessary to cite authority for the proposition, so often affirmed, that any deed which purports to convey title, however defective, gives color of title, and when accompanied by adverse possession for the statutory period of ten years, will ripen into a good title. *Swann* v. *Thayer,* 36 W.Va. 46; *Swann* v. *Young, Id.* 57; *Ritz* v. *Ritz,*

64 W. Va. 107, 112-113. The result of the statute of limita-
tions is so absolute that the adversary possession operates as
a transfer of the legal title, hence a disseizin in the holder of
the better title. *Core* v. *Faupel*, 24 W. Va. 238, 242. But does
this rule apply against a married woman and in favor of one
claiming adversely under her void deed? It is asserted on
the authority of *Central Land Co.* v. *Laidley*, 32 W. Va. 134,
that it does not. But that was a suit by a married woman, or
her grantee, suing to recover from a prior grantee land cov-
ered by her void deed purporting to convey, not her separate
estate, but her common law estate in land, and as to which
latter estate her disability of coverture continued during the
life of her husband. The land here involved was Mrs. Calvert's
sole and separate estate, and this is the point of distinction
between that case and this. By section 3, chapter 104, Code
1913, serial section 4416, a married woman is no longer under
disability to sue to recover land which is her sole and separate
estate. Clearly, therefore, Mrs. Calvert was barred, after ten
years, from recovering the land from her grantee, notwith-
standing her deed was void. *Cooey* v. *Porter*, 22 W. Va. 120,
eighth point of the syllabus, is directly in point on this propo-
sition. His deed it is true was void, but under it as color of
title he entered and held adversely to her and all the world for
a period long enough to ripen his possession into good title.
As to her it is immaterial when plaintiff's right of entry
accrued; her estate being separate estate, he had no curtesy
initiate, and no right or interest of any kind in her land, until
her death, and if he had been sane he could not even have
joined with her in a suit to recover the land her deed purported
to convey. *Fulton* v. *Johnson*, 24 W. Va. 95, 106, 107. We
must, therefore, affirm the first proposition.

The second proposition we think must also be affirmed. True
section 3, chapter 104, gives to any one under disability right
of action to recover land at any time within five years after
removal of such disability. But as to the separate estate of a
married woman, her husband has no interest during her life,
and to entitle him to curtesy in her land, on her death, she
must by section 15, chapter 65, Code 1913, serial section 3663,
have *died seized* of an estate of inheritance therein. During
coverture a husband has no interest in the separate estate of

his wife. *Hudkins* v. *Crim*, 64 W. Va. 225. Wherefore, as Mrs. Calvert during her life, by adverse possession, lost title to the land in controversy and became thereby disseized, she did not die seized of an estate of inheritance therein and on her death her husband took no estate by the curtesy. *Austin* v. *Brown*, 37 W. Va. 635, is not opposed to this proposition. The wife's deed in that case, to two sons, not joined in by her husband, reserved a life estate and possession for herself and husband during their lives and the life of each of them, and while the grantees lived on the land with the parents, it was held their possession was not adverse but under the grantor, and in subordination to the life estates, and that the statute of limitations, pleaded, did not begin to run until after the death of the life tenants. The deed was, therefore, annulled and removed as a cloud on the title of the husband and the other surviving children. Curtesy is unlike dower in this, that the wife is dowable of all lands of which her husband was seized at any time during coverture; while a husband is entitled to curtesy only in lands of which the wife dies seized of an estate of inheritance therein, that is lands which on her death would descend to her children. In Michigan the statute is different as to a non-resident widow. She is entitled to dower only in lands of which her husband dies seized. In *Putney* v. *Vinton*, 145 Mich. 219, 9 Am. & Eng. Anno. Cases, 147, syllabus 2, it was decided, construing the statute, that such non-resident widow, was not entitled to dower in lands of her husband, title whereto had been extinguished by adverse possession during his life time. Cases more directly in point are *Updegrove* v. *Blum*, 117 Pa. St. 259, and *Perry* v. *Lawson*, 112 Ala. 480, cited in 2 Am. & Eng. Ency. Law and Pract., 466. These cases in fact decide the exact question we have here and in accordance with the views already expressed.

Our conclusion, therefore, is that the judgment below is clearly right and should be affirmed.

*Affirmed.*