# CHARLESTON.

SPANGLER v. VERMILLION, TRUSTEE, *et als.*

Submitted March 13, 1917.    Decided March 27, 1917.

1. ACKNOWLEDGMENT—*Wife's Deed—Recitals of Acknowledgments—Presumption and Burden of Proof.*

    Upon a bill by a husband, after the death of his wife, to set aside a deed executed and acknowledged by her in due form, but not joined in by him, and alleged not to have been lawfully executed by her, while living separate and apart from him, but a copy of which is exhibited with the bill, the certificate of acknowledgment thereto, by section 6, chapter 73, Code 1913, constitutes prima facie evidence of the facts recited therein, and a general replication of plaintiff to defendants' answer denying all the material allegations of such bill, and denying the invalidity of said deed, does not put defendants upon proof of the facts recited in such certificate. (p. 82).

2. APPEAL AND ERROR—*Bond—Limitation—Statute.*

    The filing in the clerk's office of the circuit court of a petition for an appeal or writ of error and a bond, pursuant to section 5, chapter 135, of the Code, within the period of one year, will not excuse compliance with the provision of section 3, of said chapter, or stop the running of the statute of limitations. Such petition must be presented to this court or to a judge thereof in vacation within one year from the date of the decree or judgment complained of. (p. 83).

3. EQUITY—*Bill of Review—Parties—Dismissal.*

    A bill of review which names no parties or makes no allegations affecting the rights of the parties to the decree complained of is defective and should be dismissed on demurrer. (p. 84).

4. HUSBAND AND WIFE—*Wife's Estate—Conveyance—Joinder of Husband.*

    A married woman who in good faith is in fact living separate and apart from her husband, regardless of the cause for such separate domicile, may by deed, executed and acknowledged by her in the form prescribed by statute, make a valid disposition of her separate real or personal estate without joining her husband therein. (p. 84).

5. CURTESY—*Wife's Separate Estate—Husband's Interest—Statute.*

    The interest of a husband in the separate estate of his wife is prospective only, and attaches to no real estate except that of which she dies seized of an estate of inheritance. (p. 84).

6. WILLS—*Deed or Will—Construction of Instrument.*

> An instrument in the form of a deed, purporting to convey property to a trustee absolutely, free from the control of the grantor, though upon certain trusts, and providing for the maintenance by him of the grantor during his life, and after his death, for a distribution by the trustee to certain beneficiaries named in the deed, is a valid deed of the property, and does not constitute a testamentary disposition thereof. (p. 85).

7. GIFTS—*Personalty—Delivery—Statute.*

> Such a deed conveying real, and personal property is not invalid as a gift to the donees for want of delivery of the property. Being by deed such gift of personal property, by section 1, chapter 71, Code 1913, is valid without delivery of the personal estate conveyed. (p. 86).

Appeal from Circuit Court, Mercer County.

Suit by L. P. Spangler against R. N. Vermillion, trustee, and others. Decree dismissing the bill, and complainant appeals.

> *Reversed in part. Affirmed in part.*

*Samuel W. Williams,* for appellant.

*McNutt, Ellett & McNutt* and *John R. Pendleton,* for appellees.

MILLER, JUDGE:

In his original bill, brought to October rules, 1914, plaintiff alleged his citizenship and residence in the State of Virginia, and his marriage in May, 1900, to Sallie M. Shumate, he a widower residing on his farm in Virginia, she a widow residing in Mercer County, West Virginia; that after the marriage she continued to reside with him on his farm in Virginia until 1905, when without any reasonable cause she voluntarily left his home, returned to her home in West Virginia, and though repeatedly urged to return persistently refused to do so, and continued to reside in West Virginia until her death, which occurred in 1913.

Plaintiff further alleged that after his said marriage he provided his said wife with a comfortable home, treated her kindly and affectionately, and with proper consideration, and that she had no valid grounds or reasons for abandoning

him; that after so abandoning him she instituted a suit for divorce in Mercer County, West Virginia, which he prepared to defend, but which was abandoned and never prosecuted to final decree.

He also alleges that he is advised that regardless of her abandonment and again taking up her residence in West Virginia, the true residence and domicile of his said wife, from the date of her marriage to the date of her death, continued to be in Giles County, Virginia, at his residence, and that without obtaining a divorce or proving facts justifying the same she could not and did not effect a change of residence or domicile different from his residence and domicile in the State of Virginia; that after her death he was duly appointed and qualified as her administrator in Virginia, and that the prior appointment and qualification of H. A. Shumate as her administrator in Mercer County, West Virginia, was ancillary to that of the true and lawful administration by him of her estate in Virginia.

The bill then alleges the recordation in said Mercer County, of what purports to be a deed, dated March 18, 1911, executed by said Sallie M. Shumate, (or Spangler), and signed by her as Sallie M. Shumate, to defendant, R. N. Vermillion, trustee, and wherein it is recited, contrary to the facts as aforesaid alleged, that the grantor was a married woman living separate and apart from her husband, and which deed, a certified copy of which is exhibited with the bill, after so reciting her separate residence, and that the property which the deed purports to convey was her sole and separate property, and that the grantor was desirous of conveying the same to the said trustee for the uses and purposes of the trust therein set forth, contains this granting clause: "NOW, THEREFORE, THIS DEED, WITNESSETH: That the said Sallie M. Shumate doth hereby grant, convey and assign unto the said R. N. Vermillion, Trustee, the following real and personal property, to-wit:" Then follows the description of two separate lots or tracts of land in the City of Princeton, and a large lot of personal property, consisting of stocks in various coal companies, bank, building association, and notes, and other personal estate and effects.

"UPON THE FOLLOWING TRUST, HOWEVER, That the said R. N. Vermillion, Trustee, whenever in his opinion it is most expedient to do so, shall sell and dispose of the real estate and the stocks of corporations hereby conveyed and all other tangible personal property, either publicly or privately as to him may seem best; and also collect, whenever in his judgment it is best to do so, the money due upon the notes and other evidence of debt hereby conveyed and assigned; and out of the fund so constituted from such sales and collections, the said R. N. Vermillion, Trustee, shall support, maintain and provide for the said Sallie M. Shumate during her natural life, according to her condition and station in life and according to the judgment and uncontrolled discretion of the said trustee (2) said Trustee shall pay off all of the indebtedness of the said grantor; (3) the residue of the said fund which may remain in the hands of the said trustee at the time of the death of the said Sallie M. Shumate shall be paid over by the said trustee to the following named persons to whom the same is hereby given in the following amounts, viz:"

Following this provision are the names of a large number of beneficiaries with the amounts given to each and after these the following provisions:

"Should there be any residue of said fund left after paying the persons above named · the amounts given them respectively, as aforesaid, then such residue, shall be divided among said persons pro-rata according to the amounts given them above, but should the residue of said fund be insufficient to enable said Trustee to pay off in full the amounts hereinbefore specified, then, any such deficiency shall 'be deducted pro-rata from said sums.

"But before any disbursements are made by said trustee of the fund which is provided for by this deed, the said trustee shall deduct as a compensation to himself for his services to be rendered in connection with the trust created by this deed 5 per cent upon the amount of said fund."

· And then the following habendum and covenant: · "TO HAVE AND TO · HOLD unto the said R. N. Vermillion, Trustee, as aforesaid, for the uses and purposes aforesaid,

and to his successors forever.   And the party of the first part warrants generally the title to the property hereby conveyed.''

The certificate of acknowledgment by the Notary Public is in due and proper form as provided by statute for certifying the acknowledgment of a married woman to a deed conveying her sole and separate property when living separately and apart from her husband.

Plaintiff further alleged that as tenant by the curtesy he is entitled to a life estate in said real estate, and to interest thereon, and to have the possession thereof from the death of his said wife, and to administer the personal estate in the State of Virginia, by the laws of which state, she having died without children, he is entitled to take and hold the same by .inheritance as his absolute property.

And after alleging, on information and belief, that said stocks and other personal property were never delivered to said trustee, but during the whole of her life were retained by said decedent, and that though said deed be conceded or held to be a valid instrument, it is furthermore alleged that said pretended gifts were void, because the funds and·property, the subjects thereof, were never delivered to the beneficiaries named, and that the reservation therein for the support and maintenance of the grantor during her natural life is inconsistent with and in legal effect defeats the gifts, delivery whereof at the time of the gifts, and not afterwards, being in law required to effect a valid donation:   Wherefore, it is further alleged the legal effect of said deed was simply to constitute the trustee named the agent of the donor, which agency upon her death was thereby revoked, and that the legal title to all said personal property became, at the instant of her death, immediately vested in the personal representative of the decedent.

It is further alleged that there was never any transfer to said trustee on the books of any of the corporations named of any of the stocks mentioned and described in said deed, and that the title thereto for this reason never passed to the trustee, or came under the trust, but by operation of law became

vested in the administrator, and subject to the rights of the plaintiff as aforesaid.

The prayer of the bill is that said Vermillion, trustee, be enjoined, restrained and inhibited from turning over to any of the beneficiaries named in the deed any of the property, bonds, monies, stocks, and choses in action, mentioned therein; that plaintiff's right and title thereto be decreed to be valid, and the same turned over to him, and that his right and title as tenant by the curtesy be also decreed to him, and for general relief.

To this bill the defendant Vermillion, trustee, appeared and filed his demurrer and answer, the answer denying all the material allegations of the bill; and answers were also filed by the infant defendants, by their guardian ad litem.

The appeal presently presented is from two decrees, the first pronounced on the 17th day of August, 1915, sustaining the demurrer of the defendant Vermillion, trustee, to the original bill, and the plaintiff declining to amend, also dismissing the same, with costs to demurrant; the second pronounced May 11, 1916, whereby the cause was brought on to be heard on plaintiff's motion made at the December term, 1915, to file a bill of review then tendered, and whereby the court, over the objection of defendant Vermillion, trustee, granted plaintiff leave to file said bill of review, and whereby the court further adjudged, ordered and decreed, that there was error apparent on the face of the record of said prior decree of August, 1915, in so far as the court thereby denied plaintiff right of curtesy in the real estate; and the court was also of opinion that the former decree should be modified to that extent, and that the demurrer to the bill, in so far as the plaintiff alleged grounds and sought relief as tenant by the curtesy, should be overruled and the cause reinstated on the docket, but in all other respects said demurrer should be sustained. And the defendant Vermillion, trustee, thereupon appearing and demurring to said bill of review, in which the plaintiff joined, the court was further of opinion to hold and did hold that the deed of trust aforesaid was not, as alleged in said bill of review, a testamentary disposition of the property therein mentioned, or any part thereof, and that the plaintiff, except as to his rights as tenant by the curtesy,

aforesaid, was not entitled to any of the property, real or personal, mentioned in said deed, and on motion of said trustee, he was given leave to answer said bill of review.

Subsequently, on August 14, 1916, as now appears from the supplemental petition presented by plaintiff for a writ of certiorari, or if that should be denied, for an appeal, the cause was again, over the objection of the plaintiff, brought on to be heard upon the original bill and answer, the plaintiff replying generally to each of said answers, and the court being of opinion that the defendant, Vermillion, trustee, was then entitled to a hearing of the cause, and upon consideration thereof it was finally further adjudged, ordered and decreed that the plaintiff was not entitled to the relief prayed for, and that his bill should be and was thereby again dismissed, with costs as originally decreed.

We should first dispose of plaintiff's petition for a writ of certiorari, or an appeal, from the decree of August 14, 1916. We are clearly of opinion that certiorari will not lie to bring up said decree to be considered along with the former decrees appealed from. The latter decree is no part of the former decrees, and we could not consider it except upon appeal therefrom. An appeal from that decree is vigorously resisted. If, however, the petition presents a proper case, we should no doubt award an appeal therefrom, and postpone the hearing of the appeal from the former decrees until that appeal could be perfected, and the whole case heard and disposed of as an entirety.

We have carefully examined the record of the decree last pronounced, and from which an appeal is now sought, and are clearly of opinion that the record presents no error of which petitioner can complain. For reasons presently to be presented in disposing of the appeals from the former decrees we are clearly of opinion that said deed of trust is not invalid, upon any of the grounds alleged in the original bill, and re-affirmed in said bill of review, or upon the further ground alleged in the bill of review that said deed of trust is a testamentary disposition of the property of the grantor, wherefore void upon its face, not having been executed so as to be effective as a will.

The position of counsel for appellant respecting the last decree is, that the burden of proof was upon the defendant to show that at the time the deed of trust was executed by Mrs. Spangler she had (1) deserted the plaintiff for causes justifying divorce, and (2) was in fact living separately and apart from her husband, and competent to execute a deed without her husband joining therein, and that inasmuch as plaintiff had replied generally to said answers, and no proof was taken, the decree on bill and answer and replication should have been for plaintiff, and that the final decree from which an appeal is now sought was therefore erroneous.

Upon this proposition we conclude that counsel is in error. The original bill exhibited a copy of the deed of trust showing the certificate of acknowledgment. Our statute, section 6, chapter 73, Code 1913, provides: "Such certificate shall, in all cases where the validity of any such deed comes in question, be prima facie evidence of the facts therein stated. If any person shall wilfully make any false certificate contrary to the true facts in the case, he shall be guilty of a misdemeanor, and upon conviction thereof, be fined and imprisoned at the discretion of the court." It seems to us, therefore, that the burden rested with the plaintiff to overcome the prima facie case presented by the deed, and that the court committed no error in said decree, so far at least as the rights of the parties depended upon evidence of the due and proper execution of the deed, by the grantor, and on the fact of her living separately and apart from her husband. All other questions involved in said final decree are presented by the appeal from the two former decrees, which remain to be disposed of.

The alleged errors in these decrees are: First, that the decree of August 17, 1915, erroneously denied appellant the relief prayed for and dismissed his bill; Second, that the decree of May 11, 1916, erroneously refused to hold and decree void the deed of March 18, 1911, upon the grounds: (1) That the same was in law and in fact a testamentary disposition of the property therein mentioned; (2) because not executed in the mode and manner prescribed by law so as to be effective as a will.

Preliminary to the consideration of these points of error appellees have moved the court to dismiss the appeal from the decree of August 17, 1915, upon the ground that the petition therefor was not presented to this court, or to a judge thereof in vacation, within one year from the date thereof. Our records show that the petition was presented and filed in this court on August 19, 1916. Section 3, chapter 135, Barnes' Code, provides that such petition may not be presented for an appeal or writ of error to any judgment or decree which has been made or rendered more than one year before such petition is presented. The statute seems plain, and to call for dismissal of said appeal. But counsel for appellant contends, that because the petition, together with the bond required, were filed in the clerk's office of the circuit court, pursuant to section 5, of said chapter, that was the beginning of the appeal, and stopped the running of the statute of limitations. But we have just decided at the present term in *Snuffer* v. *Spangler,* 79 W. Va. 628, 92 S. E. 106, that such petition must be filed in this court or with a judge thereof in vacation within one year from the date of the decree complained of, as required by section 3, chapter 135, of the Code, and that after this, if the appeal or writ of error be allowed, the transcript of the record may be filed within one year and two months.from the date of the decree, the time within which by the terms of statute appellate process is permitted to issue.

But appellant was in time with his bill of review, and if that bill is good, and presents good grounds for relief, based upon alleged errors appearing upon the face of the record, the court had jurisdiction thereon to review and correct any errors in the prior decree, and if there was error therein, either, (1) in denying to appellant right of curtesy in the real estate, covered by the deed of trust, upon any of the grounds alleged; or (2), in denying to him the relief prayed for respecting the personal estate, either upon the ground, (a) that the deed was testamentary in character, and not executed as a will, wherefore void; or (b) that the deed constituted an invalid or void gift for want of delivery to

the donees inter vivos or causa mortis, the court could and should have corrected the errors on the bill of review.

Appellee, Vermillion, trustee, has cross-assigned error in the decree of May 11, 1916. His counsel affirm in their brief, assigning error: First, that the bill of review was defective in not naming parties, or praying for or serving them with process; second, in vacating the prior decree denying plaintiff curtesy in the real estate. They say the former decree was right and should not have been disturbed, either with respect to the real estate or personal property, and apparently the court below so concluded in the final decree upon the original bill, for that decree, as did the first decree, dismissed the original bill and denied plaintiff any relief.

We think the bill of review was defective as to parties. Numerous decisions cited by counsel so hold; and that the demurrer thereto would properly have been sustained. *Bank* v. *Wilson,* 35 W. Va. 36; *McCoy* v. *Allen,* 16 W. Va. 724; *Cook* v. *Dorsey,* 38 W. Va. 196. But whether good, or bad, if the case was rightly decided on the original bill, and appellant has had a hearing on the original bill and answer, and the case was disposed of with like results to him and in favor of appellees, the latter have not been prejudiced.

The first question presented on the original bill is whether upon any of the grounds alleged the deed of trust to Vermillion, trustee, is void, because of incapacity of the grantor, a married woman, to convey her real estate. The bill concedes that she was in fact living separate and apart from her husband, and the deed and acknowledgment thereto being good in form it was certainly sufficient to pass the title to the trustee, unless for the further reason alleged, and on demurrer taken to be true, she had abandoned her husband without cause, and was therefore incapacitated to acquire a separate residence or domicile from him, so as to make a deed of her separate estate without the joinder of her husband, as provided by the statute.

Whatsoever be the rule with respect to acquiring such separate residence or domicile by husband or wife in another jurisdiction for the purpose of divorce, on which subject numerous authorities are cited by counsel, the rule

seems well settled, that if a married woman be in good faith and in fact living separate and apart from her husband, whether by abandonment of her husband for good cause or otherwise, she is competent under the statute to sue and be sued, and to make a good and valid deed of her real or personal estate without joining her husband therein to give his consent. Section 3, chapter 66, Code 1913, and section 6, chapter 73, Code 1913; *Austin* v. *Brown*, 37 W. Va. 634; *Peck* v. *Marling*, 22 W. Va. 708, 714; *Breeding* v. *Davis*, 77 Va. 639; *Browne* v. *Bockover*, 84 Va. 424.

Under our statute a husband has no right of curtesy initiate in his wife's separate estate, nor has he any control over such estate. He is neither agent, trustee, nor other representative for her in respect thereto, without some authority express or implied. His interest in her land is prospective only, and attaches to no real estate except that of which she may die seized of an estate of inheritance. Section 15, chapter 65, Code 1913; *Hudkins* v. *Crim*, 64 W. Va. 225; *Calvert* v. *Murphy*, 73 W. Va. 731, and cases cited.

The words of our statute, sections 3 and 14, chapter 66, and section 6, chapter 73, Code 1913, "living separate and apart from her husband", simply described a status, without reference to the cause or reason therefor, and the mere fact of the existence of such status of a married woman, from whatever cause, frees her from any disability to make a deed for her lands in the manner prescribed by statute. The bill in this case does not allege fraud upon her part in effecting a separation to deprive plaintiff of his prospective right of curtesy. Whether a deed executed pursuant to such fraudulent design would be good we need not decide, for no such case is presented. Mrs. Spangler had maintained a separate residence from her husband for many years before she made and executed the deed in question, and it is nowhere suggested that her purpose in acquiring a separate residence was with fraudulent design against any rights of the plaintiff.

The next point presented is, did the deed in question constitute a valid gift? Though good in form is it testamentary in character, and invalid for want of proper execution as a will? It is in form a deed. It purports to convey the prop-

erty to the trustee absolutely, free from any control of the grantor. It purports to give the trustee absolute discretion in the management and control of the property, without power or authority of revocation, and subject only to the provisions of the trust. It creates in him a present estate, not postponed, and to take effect immediately on delivery of the deed. Presumably the deed was delivered; it was an executed and recorded instrument, and it is not alleged that it was not delivered to the trustee. According to our authorities such a deed is not testamentary, requiring execution as a will, but one creating a present estate in the property conveyed. *Lauck* v. *Logan,* 45 W. Va. 251; 30 Am. & Eng. Ency. Law, 575 and 576; 13 Cyc. 521; 8 R. C. L. 930, 934; *Goff* v. *Davenport,* 23 S. E. 395; *Egerton* v. *Carr,* 55 Am. Rep. 630.

The next ground upon which we are asked to hold the deed invalid as a gift of personal estate, and one of the reasons alleged in the bill, is, that there was no delivery of possession of the property to the donees. Neither the law nor the facts support this proposition. Where the gift is by deed, immediately or through trustees to the donees, the delivery of the deed constitutes a valid gift to the donees. Our statute, section 1, chapter 71, Code 1913, would seem to be conclusive of this proposition. The provision is: "No gift of any goods or chattels shall be valid, unless by deed or will, or unless actual possession shall have come to and remained with the donee, or some person claiming under him." And high authority says: "In the absence of the delivery of the property a gift can only be made by deed or other instrument under seal." 12 R. C. L. 937, and cases cited. "The general rule is that a gift of property evidenced by a written instrument, executed by the donor is valid without a manual delivery of the property. However, there must be a delivery of the instrument declaring the gift in order to make such gift valid." 20 Cyc. 1197. See, also, 14 Am. & Eng. Ency. Law, 1045. And our cases of *Hogue* v. *Bierne,* 4 W. Va. 658; *Dickeschied* v. *Bank,* 28 W. Va. 340; *Seabright* v. *Seabright,* 28 W. Va. 412, and the Virginia case of *Henry* v. *Graves,* 16 Grat. 244, will be found in harmony with the

other authorities referred to.    And in *Gentry* v. *Bailey,* 6
Grat. 594, the first point of the syllabus is: ''A conveyance
by a husband, by which he parts absolutely with an interest
in personal property, though it is not to take effect until his
death, and though he retains the power to sell and reinvest
or account, and also the power to reappoint among specified
objects, is valid to bar the wife of her distributable share
therein.''    And in *Nichols* v. *Emery,* (Cal.) 50 Am. St. Rep.
43, one of the points of the syllabus is: ''It is essential to
the creation of a valid express trust, that some estate or in-
terest be conveyed to the trustee, and, when the instrument
creating the trust is other than a will, the estate or interest
must pass immediately, but it is not essential that it must be
enjoyed immediately.    The enjoyment of the interest may be
made to commence in future, and to depend, for its com-
mencement, upon the termination of an existing life or lives,
or of an intermediate estate.''    In Pennsylvania, in *Lines* v.
*Lines,* 24 Am. St. Rep. 487, it was decided that a voluntary
deed, by which personal property was conveyed to a trustee,
to be divided among certain beneficiaries at a time to be se-
lected by him, though containing a power of revocation,
and providing that before distribution the income should be
paid to the grantor during his life, created a valid trust, and
was not testamentary in character; and that the right of
revocation was not inconsistent with the creation of a valid
trust, and if not exercised during the life of the grantor
according to its terms, the validity of the trust remained as
though the deed contained no reservation of right of
revocation.

For the foregoing reasons we are of opinion that the orig-
inal decree dismissing the plaintiff's bill was correct, and
should not have been set aside in whole or in part on the
bill of review, and being unable to find error in the decree
of May 11, 1916, inimical to the rights of appellant, we are
of opinion, on the cross assignment of error by appellee, to
reverse that decree in so far as it undertook to set aside said
former decree respecting said real estate, but that in other
respects it should be affirmed.  .

*Reversed in part.    Affirmed in part.*