T. J. Liggett *et al. v.* Florence Rohr *et al.*

(No. 8934)

Submitted February 20, 1940. Decided March 12, 1940.

*Lycurgus Hyre*, for appellant.
*Waugh & Waugh*, for appellees.

HATCHER, JUDGE:

In 1899, Mary E. Queen and her husband, in consideration of one dollar and love and affection, executed an instrument, without warranty, granting to their son, Lony, their daughter, Bessie, and two other children, a tract of 3 roods and 30 poles. The instrument was promptly recorded. Following the granting clause and the description of the tract, is a provision, of which the

pertinent part is: "Under the following conditions, that this grant does not take effect until the death of the said Mary E. Queen * * *."

In 1919, Mrs. Queen and Bessie executed a deed of trust, which included this tract, to secure their joint note to Lony. The record does not show what further happened regarding that transaction. In 1933, Bessie was adjudicated a bankrupt. She listed her interest in this tract as an asset of her estate. That interest was sold in the bankruptcy proceedings and purchased by Central National Bank of Buckhannon, and by it sold the same year (1933) to T. J. Liggett. Mrs. Queen died in August, 1938. Shortly afterwards, Bessie made a deed to Lony for her interest in this tract. Liggett instituted a suit to partition the land. Lony answered denying that plaintiff had an interest in it. A demurrer to the answer was sustained and a decree entered fixing the interest of Liggett as one-fourth of the tract, and directing partition, etc.

Appellant advances these propositions: (a) "There is no evidence the deed was ever delivered to the grantees or any of them." (b) "There is no warranty in the deed and this is one of the essential characteristics of a deed." (c) "None of the four grantees in the deed took any present interest therein * * * none of the four interests would vest and become certain or ripen into a title until the death of Mary E. Queen."

The execution and recordation of an instrument are *prima facie* evidence of its delivery. 18 C. J., Deeds, sec. 497, and note 53, citing more than one hundred cases. There is no evidence here to the contrary. Lord Coke, some three hundred years ago, wrote specifically that a "clause of warrantie" was not of the essence of a deed. Coke's First Institutes, 7a. We are not advised of any judicial departure from that writing. 4 Kent's Comm. *461; Devlin, Deeds (3rd Ed.), sec. 174. The necessary elements of a deed are limited by the Supreme Court of Virginia to "competent parties, a lawful subject-matter, a valuable consideration, apt words of conveyance and proper exe-

cution." *Morison* v. *Am. Ass'n.*, 110 Va. 91, 65 S. E. 469. 2 Minor's Institutes, 589, 9 A. and E. Ency. of Law, 107, and 18 C. J., *supra,* sec. 34, list a greater number of essentials, but none includes warranty as one.

The leading case in our jurisdiction on instruments like the one at bar is *Lauck* v. *Logan,* 45 W. Va. 251, 31 S. E. 986, 987. There, William Logan and wife, in consideration of five dollars and love and affection, executed and delivered to their son, L. N. Logan, a land deed closing with the following clause: "But it is hereby distinctly understood and stipulated that this deed shall take and be in full force and effect immediately after the said William Logan shall depart this life, and not sooner." While the words of that clause and the clause at bar differ, the effect is the same. Regarding the Logan conveyance, the Court held that the instrument was a valid deed and conveyed a present estate to the grantee. This holding was treated as establishing the rule in this state in *Spangler* v. *Vermillion,* 80 W. Va. 75, 86, 92 S. E. 449. Then, later in *Rust* v. *Coal Co.,* 92 W. Va. 457, 115 S. E. 406, 407, a clause worded practically the same as that at bar was under consideration. The clause there occurred in a deed from Truman Gore and wife to their daughter, Susan L., and was: "It is here fully understood that this deed is not to take effect until after the death of the said Truman Gore * * *." The Court said of the Gore deed: "That the grantor reserved a life estate to himself does not affect the matter. What we are to consider is the estate granted, not what is reserved. Nor do we think that the provision in the deed that it is not to take effect until after the death of Truman Gore has any bearing on the case. * * * Under the terms of the deed * * * Susan L. Gore was not entitled to possession until the death of Truman Gore * * *; but her estate vested upon execution and delivery of the deed, our statute section 5, chapter 71, Code, (now 36-1-9) providing that 'Any estate may be made to commence in *futuro* by deed, in like manner as by will.'"

The authorities are divided upon the construction of

instruments in the form of deeds, which provide that they are not to take effect until at the maker's death. 15 Am. Juris., Deeds, sec. 199. But our own cases—the *Lauck* and *Rust*—are well considered and we regard them as binding on us. Therefore, we hold that Bessie was vested with an immediate estate upon the execution and delivery of the deed from her mother, and that such estate passed by mesne conveyances to plaintiff.

The decree is affirmed.

*Affirmed.*

KENNA, JUDGE, dissenting:

The provisions of Code, 36-1-9 have no effect on the well-established rule that a paper which confers no estate until the death of its maker is not operative as a conveyance and is ineffective unless good as a will. *Lauck* v. *Logan,* 45 W. Va. 251, 257, 31 S. E. 986, 11 A. L. R. 28n, 38n, 71n. Under that rule, it is my opinion that the conveyance under consideration in this case was an attempted testamentary disposition by which it was intended to vest nothing in the grantee at the time of the execution and delivery of the deed and for that reason, not being good as a will, was of no effect.

Syllabus point 1 in the *Lauck* case contains a very distinct statement of the rule which governs in classifying an instrument as operating as a conveyance or as intending a testamentary disposition. It reads as follows:

> "The rule of construction for determining whether an instrument is a will or testamentary paper or a deed is that, if it passes a present interest, though the right to possession or enjoyment does not accrue till the death of the maker, it is a deed or contract, but, if it does not pass any interest or title whatever till his death, it is a will or testamentary paper, not a valid deed or contract. Section 5, chapter 71, Code 1891, does not change this rule." (The section referred to being the present section, Code, 36-1-9.)

I think that neither *Spangler* v. *Vermillion,* 80 W. Va. 76, 86, 92 S. E. 449; nor *Rust* v. *Coal & Coke Co.,* 92 W. Va. 457, 470, 115 S. E. 406, alters the rule, it being the obvious purpose of both of those holdings to sustain the rule.

After the usual form of caption the deed reads as follows:

> "Witnesseth, that for and in consideration of One Dollar cash in hand paid and for the natural love and affection that the said parties of the first part bear unto the said parties of the second part, the said parties of the first part do grant unto the said Florence E. Rohr, Lony T. Queen, Bessie G. Queen and Ivy N. Queen the following described lot or parcel of land situate on the waters of Finks Run near the said town of Buckhannon, on the Parkersburg and Staunton turnpike bounded as follows, (here follows detailed description) under the following conditions, that this grant *does not take effect* until the death of the said Mary E. Queen, and that if any one of said Grantees should die before the death of the said Mary E. Queen leaving children then his respective share shall go to his respective children but if any one of said named grantees should die before the death of said Mary E. Queen leaving no children then his share shall be equally divided among his said brother and sisters of their respective children as aforesaid." (Italics supplied.)

It will be noted that the entire body of the deed is contained in a single sentence, including the description, and hence there is no finality of meaning to be attached to the words "do grant" before the end of the sentence in which they occur is reached, so that it is quite apparent that the grantor does not intend an absolute grant of anything to operate *in praesenti,* the plain language contained in the same sentence being "* * * this grant does not take effect until the death of said Mary E. Queen * * *".

Although an estate may commence *in futuro* under Code, 36-1-9, a deed must still be operative at a fixed

time or at the time of its execution and delivery, and words of grant, the effect of which is sought to be delayed until after the death of the grantor, catalogue a paper as a testamentary disposition and render it inoperative as a deed.

For the foregoing reasons I would reverse the decree of the trial chancellor and remand the cause for further proceedings in accord herewith.