Moncure, P.
delivered the opinion of the court.
This was an action of ejectment, brought by the heirs at law of Elkanah Wynne, in the Circuit court of Lee county, against Thomas Ely and Andrew M. Ely, for the recovery of a tract of land in said county, to which the plaintiffs claimed to be entitled in fee simple. Issue was joined on the plea of not guilty ; and the parties, by their counsel, by consent entered of record, waived the right to have a jury, and agreed that the whole matter'of law and fact might be heard and determined, and judgment given by the court. Whereupon the court, having maturely considered the matters of law and fact in the case, rendered judgment in favor of the plaintiffs against the defendant, Thomas Ely, for a part of the premises in the declaration mentioned, said part being described in the judgment by metes and bounds ; and against the defendant A. M. Ely, for the residue of the premises in the declaration mentioned ; and against both defendants for costs of suit. To the said judgment, the defendants excepted; and áll the facts admitted or proved on the trial were set out in a bill of exceptions, which was made a part of the record. And the defendants applied to a judge of this court for a supersedeas to the said judgment; which was accordingly awarded.
Both the plaintiffs and defendants in this case claim title to the land in controversy, under Elkanah Wynne, the plaintiffs as his heirs at law, and the defendants under Sarah Dougherty, a divisee of the said Elkanah Wynne. The question of title depends upon the true construction of the 6th clause of the will of said Elkanah Wynne, which will bears date on the 17th of August 1833, and was admitted to probate on the 18th of November 1833. That clause is in these words ;
“ 6thly, I give and bequeath to my daughter, Sarah *226 Wynne, now Sarah Dougherty, the tract of land purchased of George R. Ely, and joining Alexander Ely and Charles Hambler, to her and the heirs of (her) body; but should the said Sarah Dougherty die without heir, as above mentioned, my wish is that the said land shall return to my other heirs, and be sold, and the moneys arising from such sale to be equally divided among all my heirs. ”
The land devised by that clause is the land in controversy. Josiah B. Dougherty and the said Sarah his wife, held it in her right, under the said clause, from the death of the testator until the 17th of November 1836, when they conveyed it in fee simple, with covenant of general warrauty, to James A. G. Ely, who, and those claiming under him, have been in possession ever since, and under whom the defendants in this action claim title, and were in possession claiming title at the time of the institution of this suit. Sarah Dougherty died two or three years before the institution of the suit, without ever having had a child. The question is, whether the contingent limitation to the other heirs of the testator, contained in the said 6th clause of his will, took effect at the death of his said daughter. If it did, the plaintiffs are entitled to the land in controversy. If it did not, they are not.
There can be no doubt but that, if the testator had died prior to the passage of the act passed February 24th, 1819, 1 R. C. p. 361, ch. 99, the said limitation over would have been a limitation to take effect on an indefinite failure of issue, and would have been ineffectual.
But the testator having died since the passage of that act, to wit: in 1833, the case is governed by sections twenty-five and twenty-six of that act, Id. p. 369, which were then introduced for the first time into our Code, and are in these words :
“ 25. Every estate in lands which shall be limited by .any deed hereafter made, or by the will of any person iwho shall hereafter die, so that, as the law was on the *227 seventh day of October, in the year of our Lord, one thousand seven hundred and seventy-six, such estate would have been an estate tail, shall be deemed to be an estate in fee simple, in the same manner as if it had been limited by those technical words which, at the common law, are appropriate to create an estate in fee simple ; and every limitation upon such an estate shall be held valid, if the same would be valid when limited upon an estate in fee simple, created by technical language aforesaid.
“ 26. Every contingent limitation in any such deed nr will, made to depend upon the dying of any person without heirs, or heirs of the body, or without issue, or issue of the body, or without children or offspring, or descendant or other relative, shall be held and interpreted a limitation, to take effect when such person shall die, not having such heir or issue, or child or offspring, or descendant or other relative, as the ease may be, living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise' expressly and plainly declared on the face of' the deed or will creating it.”
How, as the estate given to Sarah Dougherty by the sixth clause of the said will would have been an estate tail, as the law was on the 7th day of October 1776, therefore by the force and effect of the said twenty-fifth section, such estate is “deemed to be an estate in fee simple, in the same manner as if it had been limited by those technical words which at the common law are appropriate to create an estate in fee simple,” and the limitation upon such estate to the other heirs of the testator, contained in the latter part of the said clause, is to be held valid “if the same would be valid when limited upon an estate in fee simple, created by technical language as aforesaid.”
The said limitation would be valid when limited upon an estate in fee simple as aforesaid, provided the said *228 limitation, according to the law of the land, and the true intent and meaning of the testator, was to take effect at the death of the said Sarah Dougherty.
How, as the limitation aforesaid is, by the said sixth clause of the will, made to depend upon the dying of the said Sarah Dougherty without heir of her body, therefore, by the force and effect of the said twenty-sixth section, such limitation is to “ be held and interpreted a limitation, to take effect when such person shall die not having such heir ” living at the time of her death, or born to her within ten months thereafter, “unless the intention of such limitation be otherwise expressly and plainly declared on the face of the” will creating it. Certainly no such express and plain intention is declared on the face of the will in this case, but the contrary intention rather appears.
We are therefore of opinion that the plaintiffs, the heirs at law of the said testator, became entitled to the tract of land in controversy upon the death of the said Sarah Dougherty.
We have not deemed it necessary to review the many cases referred to in the argument of the learned counsel of the plaintiffs in error in reference to the question we have just been considering, because we thought that while they might, and no doubt would, have been conclusive against the title of the said heirs at law of the testator, if he had died before the passage of the said act of 1819; yet, as he died thereafter, they, the said heirs, are under the operation of the twenty-fifth and twenty-sixth sections of that act, plainly entitled to the land in controversy.
The next question we will consider is the second assignment of error in the petition of appeal, that the action of the heirs at law is barred by the adversary possession of the defendants in said action, and those under whom they claim. That adversary possession commenced, as it is contended, from the time of the *229 execution of the deed from Dougherty and wife to James A. G. Ely, dated the 17th day of November 1836, and has continued ever since in the said grantee and those claiming under him, including the defendants in the said action.
. The deed aforesaid certainly conveys the land in absolute fee simple to the said grantee, with covenant of general warranty. At the time of the conveyance, the grantors, in right of the wife, were seized of an estate in fee, defeasible by the death of the wife without issue living at her death. Had she left issue living at her death, the estate in fee would thenceforward have been indefeasible. Probably, when the deed was executed, it was expected that she would leave,tissue living at her death. At all events, the deed, however absolute and unconditional on its face, could have no greater effect than to invest the grantee with the title of the grantors, and it invested him with that title, even though it may have professed to convey more. The effect of the conveyance, as to the parties claiming under the contingent limitation over, is precisely the same as if the conveyance had been expressly subject to such limitation. Until the death of Sarah Dougherty, without issue living at her death, the heirs at law of the testator had no right of action for the land. Their right of action then and thereby accrued, and the act of limitation could begin to operate against them only from that time. Sarah Dougherty aud her assigns held the land in privity with the title of those claiming under the contingent limitation over, and could not hold adversely against it during her life. This view is fully sustained by the decision of this court in Clarkson, &c., v. Booth, 17 Gratt. p. 490.
We are, therefore, of opinion that the action is not barred by adversary possession, or the act of limitations.
The third assignment of error is, that if the heirs at law of the testator have any interest under the contingent limitation contained in the said 6th clause of the *230 will, it is not such an interest as entitles them to maintain an action of ejectment for the land, but the right to maintain such action is vested only in the executor of the will.
The land is not by the will devised to the executors to. be sold for the benefit of the heirs at law of the testator, in the event contemplated, but the will declares that in that event, “ my wish is, that the said land shall return to my other heirs, and be sold, and the moneys arising from such sale to be equally divided among all my heirs.” To be sure, the Code, chapter 131, section 1, p. 598, provides that “ real estate devised to be sold shall, if no person other than the executor be appointed for the purpose, be sold and conveyed” “by the executors who qualify, or the survivor of them.” But this statute does not operate as a conveyance of the estate, or any interest therein, to the executors, but merely to give them power to make any sale of real estate which the will directs to be sold, without empowering any particular person to make the sale. The object of the statute “was to prevent the necessity of resorting to a court of equity for the appointment of a trustee, by devolving the execution of the power upon the executors, who are supposed to be fit and proper persons for the execution of it. The nice distinctions taken by the authorities between a power coupled with an interest or a trust, and a naked power, in regard to devises of land for sale by an executor, which distinctions are referred to in 4 Kent’s Com. p. 320, marg.; 1 Lomax on Executors, p. 218, marg.; and Mosby's adm'r, &c., v. Mosby's adm'r, 9 Gratt. p. 590, seem not to be applicable to this case, in which there was no devise either to the executors to sell, or that a sale should be made by the executors, but merely an expression of a wish that the land should be sold, without saying by whom. If it could be said that those distinctions apply to this case, the executor under the statute would seem to have a naked power of sale, rather than a power coupled with an interest; and *231 if it is a power coupled w-’itli a trust, the operation of the power and the trust did not commence before the making of the sale, so as to prevent the heirs before that time from maintaining an action for the land, recovering and retaining possession thereof, and receiving and enjoying the rents and profits until it should be sold. The testator says that in the event contemplated, “my wish is, that the said land shall return to my other heirs.” How here is an express devise to his other heirs, who thereby became invested, on the happening of the said event, with the title and right of possession of the land. To be sure, the will further proceeds in these words: “and be sold, and the moneys arising from such sale to be equally divided among all my heirs.” But that was surely not intended, and cannot have the effect, to impair the right of the heirs, under the express devise to them, to take and hold the laud to their own use until a sale should be made. The power was to sell, not to hold or rent out the land in trust for the heirs. But that power—if power it could be called without a donee— was intended for the exclusive benefit of the heii’s, who might have waived it, and elected to hold the land as real estate, instead of regarding it as converted, and holding it as personalty. -More than three years after they became entitled to the land they brought an action of ejectment to recover possession of it. It does not appear that a sale of it has ever been attempted, or been in contemplation. It does not appear that there is now, or was at the death of Sarah Dougherty, any personal representative of her father in existence. His will was recorded in 1883, nearly forty years ago. Can it be said, under these circumstances, that when this action was brought, his heirs had not “a subsisting interest in the premises claimed, and a right to recover the same, or to recover the possession thereof,” wfithin the true intent and meauing of the Code, chapter 135, section 4, page 610? We think not.
*232 We are, therefore, of opinion that the said heirs have a right to maintain this action.
The fourth and last assignment of-error is, that the verdict and judgment are void for uncertainty and variance.
We think there is no just foundation for this assignment of error; that there is sufficient certainty in the verdict and judgment; and that there is no material variance between them. It is not material that an order of survey was made in the case, and not executed. It sufficiently appears, from the facts admitted or proved on the trial, and certified in the record; and from inferences properly deducible therefrom, that the land recovered by the verdict and judgment is. identical with the land demanded in the declaration, and that both parties claimed under the will of Elkanah Wynne. That all proper inferences which might he drawn by a jury may be drawn by the court from the facts proved or stated in such a case, was decided by this court in Dearings adm’x v. Rucker, 18 Gratt. 426.
Upon the whole, we are of opinion that there is no error in the judgment, and that it he affirmed.’
Judgment affirmed.