# SPRING-SPECIAL TERM.

## CHARLESTON.

AUSTIN *et al v.* BROWN *et al.*

Submitted January 17, 1893.—Decided March 25, 1893.

1. DEED—MARRIED WOMAN—SEPARATE ESTATE.

M. A. B., a married woman, not living separate and apart, but with her husband, undertook, by deed dated April 20, 1878, to sell

and convey a certain tract of land, part of her real estate, to two of her sons, W. J. B. and B. F. B., without her husband joining in such deed. *Held*, said pretended deed was wholly ineffectual to divest M. A. B., the grantor, of her ownership of such land, and did not pass any interest therein, legal or equitable, to the said grantees.

2. DEED—CURTESY—REMAINDER-MEN.

The said grantor having died intestate, her other heirs at law and the surviving husband, as tenant by the curtesy, have a right to have such deed set aside and removed as a cloud upon their title; the former as remainder-men in fee, according to their interests, subject to the life-estate of the surviving husband.

3. POSSESSION—LIFE-ESTATE—REMAINDER-MEN.

The possession of the life-tenant, and of those claiming under him or subject to his control, is not adverse to those entitled in remainder.

TOMLINSON & WILEY for appellants:

I.—*Void deed of married woman is color of title in adverse possession.*—22 W. Va. 120

II.—*Adverse possession for ten years, bars plaintiff's action.*—20 W. Va. 480; 26 W. Va. 345 and 629; 28 W. Va. 34.

III.—*Where contract is revoked to recover purchase-money paid.*—30 W. Va. 140, *Moore* v. *Ligon.*

GUNN & GIBBONS for appellees cited 27 W. Va. 483; 24 W. Va. 238–243; 2 Lom. Dig. 189; 35 W. Va. 554–560; 16 W. Va. 1–24; Wood Lim. Act. 517, 518, 519.

HOLT, JUDGE:

The plaintiffs brought this suit in equity in the Circuit Court of Mason county on —— day of April, 1889, to set aside a deed as void, and remove it as a cloud from their title; and the Circuit Court by decree of February 18, 1891, adjudged the deed in question void and directed it to be set aside and held for naught; and defendants, W. J. Brown and B. F. Brown, the grantees in the deed, obtained this appeal. The subject-matter of the suit was the making of the following deed:

"EXHIBIT B.

"This deed, made this 20th day of April, 1878, by and

between Mary A. Brown, of the first part, and W. J. Brown and B. F. Brown, of the second part, all of Mason county, State of West Virginia, witnesseth that, for and in consideration of the sum of two thousand dollars in hand paid, the receipt of which is hereby acknowledged, the party of the first part has this day bargained, granted, sold, and conveyed, and by these presents does bargain, grant, sell, and convey, unto W. J. Brown and B. F. Brown, a certain piece or parcel of land lying and being on the waters of Thirteen Mile Creek, in Mason county, bounded and described as follows : 'Beginning at a white oak on a hill near the road, and running S., 31 E., 34 poles, to the creek, and with the meanders of the 13-mile creek, to a poplar stump on the bank of said creek; thence S., 45 E., 48 poles, to a sycamore and maple ; thence N., 40 E., leaving the creek, 42 poles, to a small white oak ; thence N., 22 E., 75 poles, to a white oak stump ; thence E., 69 poles, to a pine on a ridge in the 1,812-acre line, and with said line N., 27 W., 56 poles, to a white oak, to original corner ; thence, with other lines of the same, S., 30 W., 26 poles, to a small black oak ; thence S., 70 W., 28 poles, to a white oak ; thence N., 27 W., 139 poles, to a stone ; thence S., 36 W., 100 poles, to a white oak ; thence S., 65 W., 84 poles, to the place of beginning—containing one hundred and eighty acres, more or less;' to have and to hold the same unto W. J. Brown and B. F. Brown, their heirs and assigns forever ; and the said W. J. Brown and B. F. Brown covenant to and with Mary A. Brown that she, as their mother, and that Nelson Brown, as the father of W. J. Brown and B. F. Brown, shall have full and absolute control of the said premises during their natural lifetime, and that otherwise the said Mary A. Brown will warrant and defend generally the property hereby conveyed.

"In witness whereof, the said party of the first —— has hereunto set her hand and seal, —— day and date above written.

"MARY A. X̲ BROWN.
                her
                mark

"State of West Virginia, Mason county.   I, D. C. Forbs, a notary public in and for the county and state aforesaid,

do certify that Mary A. Brown, whose name is signed to the writing above, bearing date of April 20, 1878, personally appeared before me, and acknowledged the same.

"Given under my hand, in Mason county, this 20th day of April, 1878.

"D. C. FORBS, Notary Public.

"West Virginia, Mason County Court clerk's office, July 29th, 1879. The foregoing deed was this day presented in said office, and, with the certificate thereon, is admitted to record.

"Teste:      J. P. R. B. SMITH, Clerk.
"A copy.      Teste:      J. P. R. B. SMITH, Clerk."

The grantor, Mary A. Brown, was a married woman then living with her husband, Nelson Brown, and the mother of the grantees, W. J. Brown and B. F. Brown. This paper, purporting to be a deed, dated April 20, 1878, was not executed by the husband, who was then living with his wife. The latter part of section 3, c. 66, Code 1868, which controls the case, reads as follows: "(Provided) that no married woman, unless she be living separate and apart from her husband, shall sell or convey her real estate unless her husband consent thereto by joining in the deed or other writing by which the same is sold or conveyed." For this reason this writing was wholly ineffectual to divest Mary A. Brown of her ownership of the land, and was not sufficient to pass any interest therein, legal or equitable, to her two sons, the grantees. The title therefore remained in Mary A. Brown until her death, on the —— day of——, 1884, when it descended to her eight children and heirs at law, of whom the plaintiffs are two, subject to the life estate of her husband, Nelson Brown.

The defendants, the two sons, W. J. Brown and B. F. Brown, file their separate answers, in which among other things, they allege and charge that the said deed was made and executed to them in good faith, and that they paid her the entire purchase-money set out in said deed, and took possession of all of said land, under and by virtue of said deed and paper writing, claiming the same as their own, on the 20th day of April, 1878, and have had open and notorious adverse possession of said land ever since; have

had uninterrupted, honest, adverse possession of the same for more than ten years before the bringing of this suit, under a claim and color of title that they and each of them believed to be good; and have so held the same ever since, improving the said land by clearing thirty acres of it, fencing the whole of said land, and building a valuable barn upon the same, putting out about two hundred and fifty fruit trees, and resetting all the fences, cultivating and working the same openly and notoriously, and claiming the same as their own ever since they received said deed or paper-writing, and therefore rely upon the statute of limitations as a defence to this suit, and rely upon and plead the same in bar of the plaintiffs' suit.

The defendant Nelson Brown filed his answer, admitting the truth of the allegations of plaintiffs' bill; that he was the husband of the decedent, Mary A Brown; was her lawful husband, living with her at the time of the pretended execution of said deed; and that he is entitled to curtesy in said land. The color or claim of title, as the foundation of an adverse possession, shows the nature and extent of the plaintiffs' claim. *Mullan's Adm'r* v. *Carper, supra* p. 216 (16 S. E. Rep. 527); *Wright* v. *Mattison,* 18 How. 50.

The deed of April 20, 1878, from the mother, Mary A. Brown, to her two sons, W. J. Brown and B. F. Brown, shows on its face the nature of their claim; that it was not and could not be adverse to Mary A. Brown, the grantor, nor to Nelson Brown, the father, who is still living and a party defendant; for if they (the grantors) claim under this "paper-writing," as showing the extent of their claim and of their possession, it also shows the nature and character of their claim, and that their possession was not adverse to their mother, Mary A. Brown, who attempted to make the deed, nor to their father, Nelson Brown, for the deed itself provides that Nelson Brown, as the father of W. J. Brown and B. F. Brown, shall have full and absolute control of the said premises during his natural lifetime. This is the paper they accepted, and now set up as their color or claim of title, and as the basis of adverse possession. Under this deed from their mother, their exclusive right of ownership and control was not to begin until after the death of the father.

Whether such a claim could under any circumstances have ripened into a perfect title it is not necessary to discuss. Such circumstances certainly do not yet appear, according to this record; and the court very properly by its decree directed the deed to be set aside and held for naught, as a cloud upon the title of the heirs at law. See *Swann* v. *Young,* 36 W. Va. 57 (14 S. E. Rep. 426). Here all the elements of an effective adverse claim in cases of priority of claim and possession are not fully set up in the answer, nor made out by the proof.

Where a party undertakes to hold adversely to those under whom he entered, without first having restored the possession, his claim in such circumstances of holding adversely, where allowed at all, will be subjected to rigid scrutiny, and held to great strictness of proof, because it involves in its inception a breach of good faith, and is liable to great abuse.

Here the instrument itself shows that their possession was not adverse to the life-tenant, and could not be so against the remainder-men until after the life-tenant's death. Nelson Brown, the surviving husband, is the life-tenant. The color of title set up by defendants shows the nature and character of their holding to be, not adverse, but subject to the full and absolute control of the life-tenant; and neither their possession nor that of the life-tenant is adverse, but is in strict subordination to the rights of the remainder-men, the heirs at law of Mary A. Brown. The two together make but one estate (see *Clarkson* v. *Booth,* 17 Gratt. 490; *Elys* v. *Wynne,* 22 Gratt. 224); for the possession does not begin to be adverse as against the persons entitled after the determination of a prior estate during the continuance of such prior estate, *Merritt* v. *Hughes,* 36 W. Va. 356–362 (15 S. E. Rep. 56) and authorities cited; *Fleming* v. *Burnham,* 100 N. Y. 1 (2 N. E. Rep. 905). The remainder-man is not bound to enter for a forfeiture of a preceding life-estate, for a new right of entry accrues on the death of the life-tenant. *Stevens* v. *Winship,* 1 Pick. 318. See *Culver* v. *Rhodes,* 87 N. Y. 348; *Jackson* v. *Schoonmaker,* 4 Johns. 390; *Constantine* v. *Van Winkle,* 6 Hill, 177; *Jackson* v. *Johnson,* 5 Cow. 95; *Miller* v. *Shackleford,* 3

Dana, 289; *Meraman* v. *Caldwell*, 8 B. Mon. 32. See Busw. Lim. § 271, and cases cited.

Here the possession is accompanied by the recognition of the full and absolute control of the premises by Nelson Brown as life-tenant, and can not be adverse to him, nor both together adverse to plaintiffs, as owners in fee in remainder. See Tyler, Eject. p. 884, and cases cited.

This brings us to the cross assignment of errors made by the appellees. The personal representative of Mary A. Brown, deceased, is not a party to the suit, and is therefore not before the court. Her heirs at law, who are parties, do not represent her personal estate. Therefore, in the present attitude of the case, there could be no decree affecting her personal estate, which must be exhausted before going against the real assets. The proceeding in such case ought to be in accordance with chapter 86, p. 686, of the Code (Ed. 1891). Therefore the decree of February 18, 1891, so far as it directs the taking of any account between the estate of Mary A. Brown, deceased, and the defendants W. J. Brown and B. F. Brown, is erroneous and must be set aside.

The plaintiffs, who make these cross assignments of error, make Nelson Brown, the husband of decedent, a party to the suit, allege that he has an estate as tenant by the curtesy in the tract of land, and is entitled to the possession during his life, with remainder in fee to them and defendants, as heirs at law of Mary A. Brown, deceased; and pray that, after setting aside the pretended deed, it may be so adjudged and decreed. Nelson Brown, in his answer, sets up the same claim, and, by way of affirmative relief, asks the Court to decree him the possession of the real estate.

Before the possession of the land is turned over to Nelson Brown, the life-tenant, I see no reason why an account should not be taken between W. J. and B. F. Brown, on the one side, and Nelson Brown, on the other, charging W. J. and B. F. Brown with the reasonable rents, issues, and profits received by them since the death of Mary A. Brown, after deducting the taxes on the land paid by them since said death, and charging Nelson Brown a fair price

for all permanent improvements made on the land by W. J. and B. F. Brown since Nelson Brown became entitled to the possession as life-tenant, or he may pay the value of all the improvements, leaving his personal representative to recover the same from the remainder-men, according to section 8, c. 91, of the Code.

But if any account is to be taken of compensation defendants may be entitled to for maintaining Mary A. Brown prior to her death, or any account which might result in a charge against her estate, it must be done in a suit to which her personal representative is a party. Therefore that part of the decree complained of which directs the order of reference and the taking of the account is set aside, but without prejudice to any proper order the Court may see fit to enter in that behalf, so that the Circuit Court may not be embarrassed in any further directions it may see fit to make.

That part of the decree of February 18, 1891, which pronounces said deed of April 20, 1878, from Mary A. Brown to W. J. Brown and B. F. Brown, wholly null and void, and removes the same as a cloud upon the title to said lands of plaintiffs and others; also that part of said decree which adjudges that defendants, W. J. Brown and B. F. Brown, are not entitled to have the pretended consideration in said deed mentioned, viz. the sum of two thousand dollars, or any part thereof, refunded to them—are hereby affirmed, and the cause is remanded for further proceedings.

AFFIRMED. REMANDED.