## CHARLESTON.

PETER W. ROUSS *v.* BETTIE A. ROUSS *et al.*

Submitted March 21, 1922. Decided March 28, 1922.

1.  DEEDS—*Deed Conveying Land in Consideration of Promise to do an Act Cannot be Set Aside for Mere Failure to Perform.*

    A deed executed and delivered to the grantee therein, in consideration of a promise to perform an act beneficial to the grantor, cannot be set aside on the mere ground of failure of performance of the promise, in the absence of peculiar circumstances making the performance, rather than the promise itself, the real consideration, as in the case of a conveyance upon condition that the grantee shall support the grantor. (p. 649).

2.  WILLS—*Devisee of Remainder After Conditional Life Estate Cannot, After Acceptance of Devise, Revoke Acceptance and Cancel His Quitclaim Deed to Life Tenant for Misapprehension, Failre of Construction, or Fraud.*

    If a devisee in a devise of a remainder in fee in land, whether vested or contingent, after conditional life estate therein, subject to a charge of legacies in favor of other

persons, executes and delivers to the life tenant a quit claim
deed, by which the condition in the life estate is eliminated
as to him, in consideration of a promise by the life tenant
to obtain an agreement ·by the legatees, postponing payment
of the legacies until termination of the life estate, which
fails of performance, and then accepts the devise, he cannot
revoke or withdraw his acceptance and cancel the deed,
on the ground of acceptance under· a misapprehension of
his right, failure of consideration, or fraud in the transaction.
(p. 650).

3. REMAINDERS—*Contingent Remainder May be Alienated by
Deed or Will*
    By virtue of sec. 5 of ch. 71 of the Code, a contingent re-·
    mainder in land is susceptible of alienation by deed or will.
    (p. 651).

4. WILLS—*Devise of Remainder Subject to Legacies is Presumed
Beneficial, and Vests Legatee with Right Superior to Option
or Offer of Conveyance in Consideration of Payment of Lega-
cies.*
    A devise of such a remainder made onerous by reason of
    a charge of legacies thereon, in consequence of which the
    devisee might deem it advisable not to accept it, is neverthe-
    less presumed to be beneficial to him, and it vests a right
    in him superior to a mere option or offer of conveyance to
    him in consideration of his payment of the legacies.  (p. 651).

5. DEEDS—ESCROWS—*Delivery ·by a Grantor· to Grantee is
Absolute and Cannot be so Made in Escrow.*
    Delivery of a deed to the grantee by the grantor is abso-
    lute.  A deed cannot be so delivered in escrow.  (p. 652).

Appeal from Circuit Court, Jefferson County.

Suit by Peter W. Rouss against Bettie A. Rouss and oth-
ers, and from a decree sustaining a demurrer to the bill and
dismissing it, the plaintiff appeals.

*Affirmed.*

*James M. Mason, Jr.,* for appellant.
*Brown & Brown,* for appellees.

POFFENBARGER, PRESIDENT:

The decree under review on this appeal sustained the
demurrer to the bill filed by the appellant and dismissed· it.

Cancellation of a deed executed for a peculiar purpose
and under anomalous circumstances is the object of the

bill. The opinion filed in *Page v. Rouss,* 86 W. Va. 305, reveals the situation of the parties, the nature of the subject of the deed and facts that may indicate the motives impelling or inducing the parties to enter into the transaction in respect of which relief is sought.

The exact terms and provisions of the deed in question are not disclosed. It was not made an exhibit of the bill which purports to set forth only its legal effect, by allegation. It is described in the bill as being "a quit claim deed for a life estate" in favor of Bettie A. Rouss, widow of Wm. W. Rouss, in the homestead farm of the deceased husband, known as Shannon Hill, executed and placed in her hands by Peter W. Rouss, the appellant. By the will of her husband the widow was given a conditional life estate in the property, and the appellant a contingent remained in fee therein, upon condition of his payment of six $2,000.00 sums to other nephews and a niece of the testator, or to such of them as should be living at the termination of the widow's estate. Her life estate was conditioned upon her remaining unmarried. Evidently desiring abrogation of this attempted restraint upon her liberty, she obtained the deed in question. The bill alleges that she personally applied for it, in New York, the place of residence of the appellant, and obtained it by persuasion and upon her promise not to make any use of it, until she should have obtained a writing signed by the six legatees, binding them to a postponement of payment of the demonstrative legacies provided for them, by the will, until her death. Execution of the deed was not withheld, however, for procurement of such an agreement. It was prepared by her attorney, executed by the appellant and placed in her hands, upon condition that she should make no use of it, in advance of procurement of the agreement. The agreement was prepared and executed by the nephew she later married, and an attempt was made to get others of them to execute it. Failing in her effort to obtain their signatures, she abandoned the attempt. She applied for the deed, Jany. 18, 1915, and obtained it, Feby. 6, 1915. Four days after she made the application, she executed a renunciation of the will, but

did not then record it.  She put the deed on record, March 16, 1915, recorded the renunciation March 18, 1915, and married Milton O. Rouss, one of the demonstrative legatees Aug. 18, 1916.  The result is that she has her former husband's personal estate, a second husband and a full and unconditional life estate in the whole of Shannon Hill, while the appellant has five of the $2,000.00 legacies due on his hands now and must await her death, to get possession of Shannon Hill, unless he can succeed in this attempt to nullify and cancel the deed.

Careful and mature inspection and analysis of the bill have failed to disclose allegations of fact sufficient, if proved, to establish any fraud in the transaction. Ignorance of the renunciation of the will, on the part of the appellant, at the date of execution of the deed, did not operate in any way to his prejudice.  He knew the widow had absolute right to renounce it at any time within a year from the date of the probate thereof, and, in the execution of the deed, he did not bind her by a collateral agreement, or otherwise, not to renounce it.  The time of renunciation, with respect to execution of the deed, is not in any sense material.  Subsequent renunciation would have had exactly the same effect as prior renunciation.  The application for the deed cannot be deemed to have been a representation or promise either not to renounce or not to marry.  The bill makes no such claim.  Nor is there any allegation of a promise to obtain the agreement respecting the time of payment of the legacies, with intent at the time thereof, not to perform, or of any false representation that such an agreement had been arranged for in advance, or was possible of procurement.

If the transaction the bill seeks to abrogate involved no more than a conveyance of real estate, in consideration of a promise on the part of the grantee, to do something beneficial, for the grantor, and failure, after the conveyance, to perform the promise, there could be no relief on the ground of failure of consideration, in the absence of peculiar circumstances.  Except in the instance of a conveyance in consideration of support of the grantor by the grantee, no

authority has been found for rescission or forfeiture, for nonperformance of the promise constituting the consideration of a conveyance, whether it be one to pay money or to do some other act, in the absence of a forefeiture clause in the deed. On the contrary, there is much authority against right to such relief. *McGraw Oil Co.* v. *Kennedy,* 65 W. Va. 595; *Core v. Petroleum Co.,* 52 W. Va. 276; *Thompson* v. *Jackson,* 3 Rand. 504; *Kellar* v. *Craig,* 126 Fed. 630; *Lawrence* v. *Gayetty,* 78 Cal. 126, 12 A. S. R. 29; *Rheingans* v. *Smith,* 161 Cal. 362.

However, as this transaction may have included an election to accept the devise and, therefore, may have been more than an ordinary conveyance of real estate, in consideration of a promise, it may not fall within the rule to which reference has just been made. The election, if made by execution of the deed, subjected the grantor to a heavy collateral obligation without any reciprocal or corresponding benefit. The widow could marry and thus mature the legacies, without surrendering to the appellant the possession of the property. This result she promised to provide against by procurement of the postponement agreement. Upon that promise the election was made, if made at all at that time. Failure of performance of that promise might be good ground of revocation of the election made in advance of expiration of the period allowed by the will, in which to elect. The appellant was not bound to elect until after the marriage or death of the widow, whichever should first happen. If, under these circumstances, he could have revoked his election, or withdrawn from it, on failure of the inducement to the premature making thereof, it may be that the deed could have been canceled, it being only a part of an entire transaction a substantial part of which had failed, or was voidable. But this avenue of escape, if any, was effectually closed by an unequivocal, deliberate, written election made about a year after the execution of the deed, recordation thereof and of the renunciation of the will and failure of the promise. The bill specifically admits this, saying: ''Plaintiff did not decide to accept the devise until February 10, 1916, when he so wrote the said widow.''

This election made after failure of the inducement, or rati-
fication of the previous election, if any, cannot be deemed to
have been made in ignorance of any material fact or right, or
upon any failing inducement, wherefore it is impossible to
perceive any ground upon which it can now be revoked.
Moreover, the bill does not seek revocation thereof. Its
theory is that there was no election until February 10, 1916,
and that, because there had been none at the date of the
deed, and the contingent remainder had not become vested,
the deed neither passed nor relinquished any estate or right,
and, being voluntary, there is no element of estoppel, and
it can be canceled.

But for sec. 5 of ch. 71 of the Code, changing the doctrine
of the common law, as to the subject of conveyance, this
theory might be tenable. At common law, a contingent re-
mainder, assuming the right of the appellant to be one,
was not a subject of alienation. The statute provides that
any interest in or claim to real estate may be disposed of
by will or deed, and it is admitted that a contingent re-
mainder is an interest in or claim to real estate within the
meaning of the statutory terms. An attempt is made, how-
ever, to avoid the effect of the conveyance under the stat-
ute, by the contention that the devise to the appellant was
the legal equivalent of an option in him to purchase the
property, at the marriage or death of the widow, at the
price of $12,000.00. Of course, he was not bound to accept
the devise, but the law presumes an advantage in it to him
and also his acceptance, in the absence of a disclaimer or
conduct signifying intent to do so. Jarman, Wills, 556;
Shepp. Touch. 284-5; *Stacey* v. *Elph*, 1 Myl. & K. 195;
*Re Birchell*, 40 Ch. D. 436. The will itself vests an interest
in or claim to the land, although it is conditional, and the
statute makes it a subject of alienation by deed. It is in
no legal sense a mere option to buy the property. The
will carves out of the entire estate, a life estate, leaving a
remainder in fee, and disposes of both, giving an estate
in possession to the life tenant and the remainder in fee,
conditionally, to the remainderman. The estate in re-
mainder, whether vested or contingent, is created by the

will. And it may be vested. See 2 Min. Inst. 2 Ed. 337. If not, it is a right in land. Id. 362. If a contingent remainder, the devisee has an estate in expectancy. Though contingent, that right in him did not await the happening of the contingency which will vest the remainder and give him right of possession. It sprang into existence by virtue of the will, on the death of the testator. Alienation of such right by deed was not allowed by the common law, but that infirmity did not rest on lack of interest or right. The inhibition was based upon other reasons. By the deed in question, it has been conveyed, and, if the right of disclaimer in the devisee was not waived at the date of execution of that instrument, it was later and before this suit was instituted, as has been demonstrated.

Nor was there any lack of delivery of the deed, forbidding its recall. The allegation of an agreement, not to make use of it, until the contemplated stipulation for postponement of the legacies should have been obtained, amounts to nothing. Delivery of a deed by the grantor to the grantee is absolute. Legally, a deed cannot be so delivered in escrow. *Heck* v. *Morgan,* 88 W. Va. 102; *Dorr* v. *Middelburg,* 65 W. Va. 778.

Upon these principles and conclusions, the decree complained of will have to be affirmed.

*Affirmed.*