## CHARLESTON.

JASPER KIDWELL *et als. v.* CHRISTINA ROGERS *et al.*

(No. 5645)

Submitted February 15, 1927.    Decided February 22, 1927.

1. DEEDS—*Limitation Over on Death of Grantee in Fee Simple Without Issue is Valid, and Such Grantee Takes Only Base or Qualified Fee (Code c. 71A §§ 5, 10).*

   An estate in fee simple was granted to L. with a limitation over in favor of J. and W. M., in case L. died without issue. Held: The limitation over is valid and L. took only a base or qualified fee, determinable upon her death without issue. Point 1, syllabus *McKown* v. *McKown*, 93 W. Va. 689. (p. 270).
   (Deeds, 18 C. J. § 281.)

2. DESCENT AND DISTRIBUTION—*Limitation Over in Favor of J. and W. M., if L. Died Without Issue, Passed to Heirs of Former, Where They Died Before L. (Code, c. 71, §§ 5, 10).*

   J. and W. M. having died before L., the limitation in their favor descended to their several heirs at law.    (p. 272).
   (Descent and Distribution, 18 C. J. § 24.)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Raleigh County.

Ejectment by Jasper Kidwell and others against Christina Rogers and another. Judgment for defendants, and plaintiffs bring error.

*Reversed; judgment entered for plaintiffs.*

*W. H. McGinnis, W. H. Rardin,* and *Floyd M. Sayre,* for plaintiffs in error. .

*Carl C. Sanders* and *C. M. Ward,* for defendants in error.

LITZ, JUDGE:

In 1897 William Kidwell and Martha, his wife conveyed the surface of a 60 acre tract to their daughter, Laura. The granting clause in the deed reads: ''granted, bargained and sold''. There is also a limiting clause in the deed: ''And should the said Laura Kidwell die without an heir, the said tract of land is to—equally divided between John Kidwell and Wm. M. Kidwell''. John and Wm. M. were sons of the grantors.

John died in 1923, and Wm. M. died in June, 1924. Laura died on November 24, 1924, without issue. On November 10, 1924, she had conveyed the tract to her sister, Christina Rogers.

This is an action of ejectment brought in the circuit court of Raleigh county by the heirs at law of John and Wm. M. Kidwell. Joined with Christina as defendant, is her son John, who is in actual possession of the tract. The case was submitted to the court on an agreed statement of facts. The finding was in favor of the defendants.

The main question for our consideration is the construction of the deed to Laura.

The defendants contend that the granting clause conveys an estate in absolute fee simple; that the limiting clause in favor of John and Wm. M. is wholly repugnant to the granting clause; and that the limitation is therefore void. This contention is supported by few decisions, notably several from the Supreme Court of Arkansas. The English courts also followed such theory at one time, but that was prior to *Pell* v. *Brown,* Cro. Jac. 590, decided in the year 1619.

The answer to defendants' argument may be taken from 21 C. J. par. 215, p. 1027: ''But such reasoning does not seem to be sound, for a fee may be limited after a fee by executory limitation, and then in the very nature of the case the first fee is not absolute and the gift over is not repug-

nant.   In such case the question is generally one of intent,
whether upon the whole instrument the intent is clear that
the property should go over upon a contingency.''   This
answer is consistent with the rules of construction adopted
by this court.   ''The modern rule as to the construction of
deeds is that a deed is to be so construed, taken as a whole,
as to attain and execute the manifest intent of its parties.''
*Waldron* v. *Coal Co.,* 61 W. Va. 280; *Goldsmith* v. *Gold-
smith,* 46 W. Va. 426; *Uhl* v. *Ry. Co.,* 51 W. Va. 106; *Weekley*
v. *Weekley,* 75 W. Va. 280; *Maddy* v. *Maddy,* 87 W. Va. 281;
*Flagg* v. *Eames,* 40 Vt. 16; 94 Am. Dec. 363.   The develop-
ment of the present law in regard to such grants is learnedly
traced by Judge Andrews in the leading case of *Van Horne*
v. *Campbell,* 100 N. Y. 287, and is as follows: ''The common
law did not allow a remainder or other legal estate to be lim-
ited after a fee.   The rule was founded upon the postulate
that a conveyance of a fee was a conveyance of the whole
estate, and that nothing was left upon which the limitation
over could operate.   Upon the assumption that a fee given
in the first instance carried the entire and absolute interest
in the land to the grantee, the common-law rule that there
could be no further limitation was logical and consistent,
because where the whole is given there can be nothing be-
yond that left to give.   But under the statute of uses, and
indeed before they were legalized by that statute, a species
of limitations known as shifting or springing uses had been
recognized, which permitted ulterior estates to be created,
to arise upon the defeasance of prior estates in the same
property, contrary to the strict rules of the common law.
*   *   *  The common law doctrine of repugnancy between two
estates, which, as has been said, was perfectly rational upon
the assumption upon which it proceeded, has given way to
the more just and reasonable view, which regards the prior
gift, although made in words which, standing alone, import
an absolute estate, as restrained by the subsequent limitation,
and as conferring only a qualified estate.   This prior estate,
although properly denominated a fee, because it may last
forever, is nevertheless a base or determinable fee, because

it is liable to be defeated by the happening of the contingency upon which it is limited. In other words in such a case, as the limitation is construed, an absolute fee is not given to the first taker, but only a qualified and determinable one." *Van Horne* v. *Campbell* expresses the view taken by nearly all the authorities in the United States. See Thompson Real Prop. par. 2190; Graves Real Prop. p. 284; 11 R. C. L. p. 470-1; 21 C. J. p. 1022-24; 24 A. & E. Ency Law p. 431; *Elys* v. *Wynne,* 22 Gratt. 224; *McKown* v. *McKown,* 93 W. Va. 689.

The West Virginia courts are bound to uphold such limitating clauses not only by virtue of the *McKown* case, but also because of statutory directions. "Any estate may be made to commence *in futuro,* by deed, in like manner as by will. And any estate which would be good as an executory devise or bequest shall be good if created by deed." Ch. 71, Sec. 5, Code. "Every limitation in any deed * * * contingent upon the dying of any person without heirs * * * shall be construed a limitation to take effect when such person shall die not having such heir. * * *" Sec. 10, *supra.* See also *Dent* v. *Pickens,* 61 W. Va. 488 (501-5).

In order that the word "heir", as used in the limiting clause in the deed under consideration, may have meaning, it must be construed in the sense of "heir of the body". Otherwise the grantors would have said, in effect, "and should Laura die without an heir at law, the tract is to be divided between John and Wm. M., two of her heirs at law", signifying nothing.

Consequently, we hold that the grant to Laura created a qualified fee, with a valid executory limitation over in favor of John and Wm. M., dependent on Laura's failure of issue.

Executory interests are held to be not mere possibilities, but substantial interests which descend by inheritance before the happening of the contingency upon which they depend. 4 Kents Comm., p. 284 (*p.).; Thompson *supra* par. 2199; 24 A. & E. Ency Law, p. 455-6; 11 R. C. L. p. 484-5; 21 C. J. p. 1032, par. 231; *Kean's Lessee* v. *Hoffecker,* 2 Harr. 103, 29 Am. Dec. 336. A limitation similar to the one here

was discussed in *Medley* v. *Medley*, 81 Va. 265, decided in 1886. That case is of particular weight because the Virginia statute of descents at that time was practically the same as ours now. That case holds: ''Such devises are not mere possibilities, but substantial interests, and as respects transmissibility, stand on the same footing with contingent remainders. If the contingency whereon the vesting depends, is a collateral event irrespective of attainment to a given age and surviving a given period, the death of the devisee pending the contingency, works no exclusion, but simply substitutes and lets in the devisee's representative.''

We therefore conclude that the plaintiffs have a valid subsisting title to the tract in controversy, and that the lower court erred in finding for defendants.

Counsel for defendants admit the signature of the trial judge to what they term *an order* making the bill of exceptions a part of the record, but contend that the bill itself was not signed by him and should therefore not be considered by this court. The so-called order follows the agreed statement of facts, and while for the most part it is worded like an order, it clearly shows that it is a part of the bill of exceptions by such expressions as ''and tendered to the undersigned judge this, their bill of exceptions'', and ''said bill of exceptions is hereby signed, sealed'', etc. The paper is signed and sealed by the trial judge. Below his signature is a properly signed order to the clerk, in which he directs the entry in the law order book of ''the above order''. Confusion in terms, even by the trial judge, cannot change the inherent nature of the so-called order, which we hold to be a part of the bill of exceptions.

The judgment of the lower court is reversed and judgment for plaintiffs entered here.

*Reversed; judgment entered here for plaintiffs.*