GEORGE DONALD MILLER *v.* GEORGE F. MILLER, III, *et al.*

(No. 9603)

Submitted September 19, 1944.  Decided October 24, 1944.

*Samuel Biern* and *Leo Loeb,* for appellant.
*Okey P. Keadle,* for appellees.

Rose, President:

George Frederick Miller, a citizen of Huntington, of large means, died testate August 30, 1910. His will, an elaborate and carefully prepared instrument, consisted of thirteen numbered sections. By the fourth section he created a trust, covering four parcels of real estate, for his three sons, James Irvin Miller, Charles Frederick Miller and George Donald Miller, and the survivor of them, with special provisions therein, however, for the forfeiture of a son's interest upon the happening of contingencies.

The terms of this trust which are pertinent to the issues herein involved are as follows:

"* * * That the said Trustees, or their successors, shall enter into and take possession of my said real estate and interest in real estate, * * * and take and receive the rents, issues and profits, accruing and arising from the same, and out of such rents, issues and profits pay all taxes and lawful assessments thereon or against the same, together with the necessary charges and expense attending such management, preservation, repairs and insurance, as aforesaid, and after deducting such expenditures, hold the residue of such rents, issues and profits for the uses and benefits following, subject to the conditions, precedent and subsequent, and the limitations hereinafter stipulated and provided, and, accordingly, account for and pay over said residue as follows:

To my three sons, James Irvin, Charles Frederick and George Donald, equally, for and during their natural lives, and for and during the life of the survivor of them.

If any son die leaving a child or children him surviving, then the interest or part going to such son so dying shall, until the termination of this trust, be paid to such child or children.

If any son die, not being the last survivor of my said sons, leaving no child, then the interest or part going to such son shall survive and go to my remaining son or sons, as the case may be, until the termination of this trust. * * *

And it is hereby made, further, an express con-

dition of this trust that in the event any of my sons shall, subsequent to the vesting of the trust as to him, hereunder, alienate or attempt to alienate his income under this trust, or if, by reason of bankruptcy or insolvency or any other means whatsoever, such income could no longer be personally enjoyed by any of my sons, then the trust hereby provided for such son shall thereupon and because thereof immediately cease and determine, and in case of the forfeiture by any son of his right to such income, whether under the condition precedent or the condition subsequent, as aforesaid, then during the time of the trust as provided, the income of such son shall be paid by the Trustees, or their successors, to the child or children, if any, of such son; * * *

Provided, however, that in case of the cessation of this trust as to any son, otherwise than by death, as hereinbefore provided, my said Trustees, or their successors, are hereby authorized, in their own discretion, but without being obligatory upon them, to provide for and pay to any such son so forfeiting his trust hereunder, or to the wife and children of such son, either, both or all, as such Trustees may deem best and elect, so much and such part of the income hereinbefore provided for such son in case such forfeiture had not happened, as in the discretion and judgment of my Trustees may be necessary for proper maintenance and support of such son or sons, and the wife and family of same.

And it is hereby, further, made an express condition of this trust and hereby provided that neither the estate hereby put in trust nor the income therefrom, as hereinbefore provided, shall be bound for the past debts or future debts or liabilities of my said sons, or any of them, other than for decent and comfortable support. * * *

And in the event of the death of any of my said sons, without issue, the interest of such son or sons so dying in my estate, hereunder, shall go to my remaining sons or son, their or his heirs or heir at law. * * *"

The son, James Irvin Miller, died at a time not disclosed by the record, leaving children. George Donald Miller, in 1927, was adjudicated a bankrupt. Since that

time the share in the trust income which he would have otherwise received has been paid by the trustees to his wife. Charles Frederick Miller died on the 23d day of August, 1943, unmarried and without issue, immediately after which the trustees gave notice to the interested parties that the share in the trust income theretofore going to him would thereafter be divided into two equal parts, one of which would be paid to the heirs of James Irvin Miller and the other to the wife of George Donald Miller. The latter made demand upon the trustees that the whole of the trust benefits to which Charles Frederick Miller was formerly entitled should be paid to himself, and, his claim not being recognized by the trustees, he instituted this suit in chancery for the purpose of having the court construe that part of the will giving rise to the conflicting claims. The heirs of James Irvin Miller and the plaintiff's wife and children, as well as the executors and trustees under the will, were made parties defendant.

The wife and children of the plaintiff filed separate answers, which are precisely the same in substance and are almost literally the same in words. They each deny all right or claim to any part of the former interest of Charles Frederick Miller in the trust estate and assert that the plaintiff is entitled to the whole thereof. The heirs of James Irvin Miller filed a joint and separate answer by which they assert their right to one-half of the Charles Frederick Miller interest in the trust, and the trustees, by answer, explain·their action in the premises and state their justification therefor.

The cause was submitted on the bill and these answers, resulting in a decree denying the plaintiff's construction of the will and approving that of the trustees; and decreeing that the plaintiff is not entitled to any of the benefits of the trust, and that the benefits formerly going to Charles Frederick Miller should be paid, one-half to the wife of the plaintiff and the other one-half to the heirs of James Irvin Miller. The plaintiff thereupon applied for and obtained this appeal. No other party complains of the decree.

Two principal questions are here presented and argued: (1) Whether the plaintiff, by reason of his bankruptcy, is barred from what he would otherwise have received of the former share of Charles Frederick Miller in the trust estate after the latter's death without issue; and (2) whether the plaintiff, if not so barred, is entitled to the whole, or only a part, of the interest theretofore belonging to his brother. It is obvious that if the first question is determined adversely to the plaintiff, the second becomes immaterial, since no other party in interest is complaining of the decree of the circuit court. *Stannard Supply Co.* v. *Delmar Coal Co.,* 110 W. Va. 560, 158 S. E. 907; *Maxwell* v. *Adams,* 91 W. Va. 486, 113 S. E. 752; *Bowlby* v. *De Witt,* 47 W. Va. 323, 34 S. E. 919.

The plaintiff relies upon the provisions of the will to the effect that the income from the estate should be paid to the three sons for and during their natural lives and for and during the life of the survivor of them, and that the interest of any son dying without issue should pass to the other son or sons. These words, if the will contained no other applicable provision, would completely sustain the plaintiff's claim. But they do not stand alone, and cannot be given the effect of their isolated face value. All benefits under the trust are expressly made "subject to the conditions, precedent and subsequent, and the limitations hereinafter stipulated and provided". The provision relied upon by the plaintiff, therefore, never stood alone or had the absolute meaning claimed for it, but was, from the beginning, expressly modified by the various terms afterwards enumerated. We, therefore, do not have a provision for benefits, absolute on its face, which is sought to be cut down by terms appearing later in the will, but testamentary interest which was, from its first definition, less than absolute. The extent or character of the benefits of the trust and the limitations thereon must be found in the conditions, precedent and subsequent, and the limitations subsequently embodied in the will.

The subsequent condition or limitation here involved provides that "if, by reason of bankruptcy * * * such in-

come could no longer be personally enjoyed by any of my sons, then the trust hereby provided for such son shall thereupon and because thereof immediately cease and determine * * *;" and that the income so forfeited shall thenceforward be paid to others.

The plaintiff did become a bankrupt, and his primary benefits have been, since that time, paid to another. No one disputes the plaintiff's absolute forfeiture, by reason of his bankruptcy, of his right to his original one-third of the income from the trust, but a distinction is sought to be made between his primary one-third interest in the trust and the contingent benefits or interest which he might thereafter acquire should a brother predecease him without issue. It is said that this contingent right to take the deceased brother's interest was not an interest or estate in the trust at the time of his bankruptcy, but only a possibility or expectancy of an interest, which actually accrued and vested long after the bankruptcy, and that the interest he now claims in the trust is a subsequently acquired property.

This view cannot be accepted. True, the plaintiff was not, at the time of his bankruptcy, entitled to receive his brother's share in the trust, or any part thereof, and it could not then be known that he would ever be so entitled; but he did then have a contingent right or interest therein, which, upon the occurrence of an event possible to happen, would ripen into a complete ownership thereof; and such an interest, under our statute, is property and is alienable, and capable of being reached by creditors. Code, 36-1-9 provides that:

> "Any interest in or claim to real estate or personal property may be lawfully conveyed or devised. Any estate in such property may be made to commence in futuro, by conveyance inter vivos, in like manner as by will, and any estate which would be good as an executory devise or bequest, shall be good if created by conveyance inter vivos."

An interest, such as that of the plaintiff, to succeed to an additional interest in the trust upon the death of a

brother without issue, has been held to be, in this state, transferable, whether created by deed or will. *Kidwell* v. *Rogers,* 103 W. Va. 272, 137 S. E. 5; *McKown* v. *McKown,* 93 W. Va. 689, 117 S. E. 557; *Rust* v. *Commercial Coal & Coke Co.,* 92 W. Va. 457, 115 S. E. 406; *Rouss* v. *Rouss,* 90 W. Va. 646, 111 S. E. 586.

Where any interest of a bankrupt in property is transferable, under local law, it passes from him to his trustee for the benefit of his creditors. Section 70, as amended, of the bankruptcy act (11 U. S. C. A., sec. 110-[a5]) takes from the bankrupt and vests in the trustee of his estate "property, including rights of action, which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered", subject to certain provisos not here pertinent. This statute applies equally to the interest of a beneficiary in a trust, which, under local law, is transferable. *Hammond* v. *Whittredge,* 204 U. S. 538, 27 S. Ct. 396, 51 L. Ed. 606; *Thummess* v. *Von Hoffman,* 109 Fed. (2d) 293 (C. C. A.); *Horton* v. *Moore,* 110 Fed. (2d) 189 (C. C. A.); *Clowe* v. *Seavey,* 208 N. Y. 496, 102 N. E. 521; *Reilly* v. *Mackenzie,* 151 Md. 216, 134 A. 502; *Martin & Earle* v. *Maxwell,* 86 S. C. 1, 67 S. E. 962; *Ury* v. *Van Every,* 181 Calif. 604, 188 P. 985; *Medwedeff* v. *Fisher,* 179 Md. 192, 17 A. 2d 141; *Martin* v. *McCune,* 318 Ill. 585, 149 N. E. 489; *National Shawmut Bank* v. *Fitzpatrick,* 256 Mass. 125, 152 N. E. 328; *Patrick* v. *Beatty,* 202 N. C. 454, 163 S. E. 572.

It is clear, therefore, that, without this forfeiture clause, the entire interest of the plaintiff in this trust, including that which he might thereafter acquire by the death of his brother, Charles Frederick, without issue, would have passed to the trustee in bankruptcy, and that thereby the income therefrom, at that time or thereafter, "could no longer be personally enjoyed" by the plaintiff. But that interest did not, in this case, pass to the trustee, because of the provision in the trust that bankruptcy of the beneficiary should *ipso facto* terminate the trust as to him.

Such a limitation in a trust is valid. *Nichols* v. *Eaton*, 91 U. S. 716, 23 L. Ed. 254; *Hartwell* v. *Mobile Towing & Wrecking Co.*, 212 Ala. 313, 102 So. 450; *Bramhall* v. *Ferris*, 14 N. Y. 41, 67 Am. Dec. 113; *Morel* v. *Cornell*, 234 Mass. 563, 125 N. E. 575. By this device, not unusual in spendthrift trusts, the testator made certain that bankruptcy, or other contingencies by which a beneficiary's interest might be lost, either voluntarily or involuntarily, should wholly destroy that beneficiary's whole interest, certain and contingent, leaving nothing to pass to strangers, and diverting such bankrupt's former interests to other beneficiaries, with no provision for it ever again to shift back to the original beneficiary. True, the trustees may, at their election, make payments to him, but this does not create in him any right or estate in the trust. *Leverett* v. *Barnwell*, 214 Mass. 105, 101 N. E. 75; *Robertson* v. *Schard*, 142 Ia. 500, 119 N. W. 529.

We consider that all right of the plaintiff to succeed to any benefits of this trust which were originally vested in Charles Frederick Miller terminated with the plaintiff's bankruptcy. He, therefore, has no interest in the trust or in the other questions raised on this appeal. As no other party in interest is complaining of the decree appealed from, it will be affirmed.

*Affirmed.*