THE BRIDGEPORT TRUST COMPANY, EXECUTOR, *vs.* BERTHA H. BARTHOLOMEW ET AL.

Third Judicial District, Bridgeport, April Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, JS.

In construing wills this court will not answer questions that are premature and may never be of any practical interest or importance. A testator gave the residue of his property in trust for the use of his son, the net income of which was to be paid to him in regular monthly instalments, and upon his death was to be expended by the trustee "for the support and education" of the testator's granddaughter, who, upon attaining her majority, was to take the whole estate absolutely. In a subsequent clause of the will the testator explained that he had made no provision for the heirs of his granddaughter, because of his belief that "the surplus of the net income, if carefully husbanded during the life of my said son, and the minority of his daughter, should suffice" for her legal heirs. *Held* that

this clearly pointed to a saving or accumulation of net income during the minority of the granddaughter, and therefore the trustee could properly expend during that period only so much of the income as might from time to time be reasonably necessary for the granddaughter's support and education.

Argued April 13th—decided June 2d, 1916.

SUIT to determine the construction of the will of Thomas L. Bartholomew of Bridgeport, deceased, brought to and reserved by the Superior Court in Fairfield County, *Gager, J.*, upon an agreed statement of facts, for the advice of this court.

Thomas L. Bartholomew, late of Bridgeport, died April 6th, 1912, possessed of both real and personal estate and leaving a will duly probated. A son, Francis A. Bartholomew, survived him, but died April 24th, 1915. Francis left a widow, Bertha H. Bartholomew, and a daughter, Dorothy Quay Bartholomew, who was born February 12th, 1905.

The first two paragraphs of the will contain a direction for the payment of debts and funeral expenses and a devise to his son of the life use of certain real estate. Paragraph III reads as follows: "I give in trust all the residue of my property for the use of my said son, Francis A. Bartholomew, the net income from same to be paid to him in regular monthly installments by my Executor, hereinafter named. Upon the death of my said son, Francis A. Bartholomew, I direct that the net income from all my property be expended by my Executor for the support and education of my granddaughter, Dorothy Quay Bartholomew, the whole of the estate to become hers absolutely upon her attaining her majority."

In paragraph IV the testator provides for the disposition of his estate upon the death of his son, in the event that Dorothy should die before her father, to various religious and charitable institutions.

Bridgeport Trust Co. *v.* Bartholomew.

Paragraph V is as follows: "I have made no provision for the legal heirs of Dorothy Quay Bartholomew, daughter of my said son, Francis A. Bartholomew, for the reason that in my opinion, the surplus of the net income, if carefully husbanded, during the life of my said son, and the minority of his daughter, should suffice for the legal heirs of said Dorothy Quay Bartholomew."

The remaining provisions of the will do not concern the disposition of the testator's estate.

The plaintiff is named as executor and trustee. Acting as executor it settled the estate, and turned over to itself, as trustee, the funds of the estate remaining after the expenses of settlement had been paid. They amount to upward of $35,000. Their annual net income is about $2,000, a sum in excess of what is reasonably required for the support and education of Dorothy.

The advice of the Superior Court is asked in answer to the following questions:—

"First: Whether the gift made to Dorothy Quay Bartholomew in paragraph III of the will vested in said Dorothy Quay Bartholomew upon the death of the testator, or does not vest until said Dorothy Quay Bartholomew shall attain her majority.

"Second: Whether the direction to the executor in paragraph III of the will to expend the net income of the estate for the support and education of Dorothy Quay Bartholomew is qualified or controlled in any way by the provisions of paragraph V of the will.

"Third: Whether it is the duty of the executor to expend the entire net income of the estate for the support and education of Dorothy Quay Bartholomew, or whether it should expend for such purpose only so much of the net income as is reasonably necessary for her support and education.

"Fourth: Whether the legal heirs of Dorothy Quay

Bartholomew take anything under and by virtue of paragraph V of the will."

Bertha H. Bartholomew is Dorothy's guardian, and is a party defendant both as such guardian and individually.

*John W. Banks* and *Edward K. Nicholson*, for the plaintiff.

*Spotswood D. Bowers*, with whom was *Charles E. Williamson*, for the defendants.

PRENTICE, C. J.   The Superior Court is asked in this proceeding to give its advice in answer to several questions.   Only one matter touched upon in them concerns a situation which has arisen or possesses present interest other than academic.   Whether or not the other matters involved will ever become of practical interest will depend upon the course of events. The plaintiff's conduct in the execution of its trust under conditions which have arisen would not be affected by whatever advice might be given in respect to these matters, and quite likely might never be affected thereby under conditions arising in the future.   Such advice is therefore prematurely asked, and the conditions which might justify its being given are not present.   *Eaton* v. *Eaton*, 88 Conn. 286, 291, 91 Atl. 196; *Russell* v. *Hartley*, 83 Conn. 654, 664, 78 Atl. 320; *Smith* v. *Jordan*, 77 Conn. 469, 472, 59 Atl. 507.

The one matter of present interest and importance concerns the plaintiff's duty in its disposition of current income.   Paragraph III of the will provides that the trustee shall pay over the entire net income of the trust fund to the son during his life, and directs that upon his death, which has occurred, it expend the net income for the support and education of his grand-

daughter, Dorothy Quay Bartholomew, until she attains her majority. By virtue of this provision, the trustee is asked on her behalf to pay over to her, or rather to her guardian, the net income in its entirety, and the Superior Court is asked the question, of present pertinence, whether it is its duty so to do, or to expend only so much of the income as may be reasonably necessary for Dorothy's support and education. The answer to this question must be found in the will read in its entirety and in the light of the surrounding circumstances, including those the testator understood he was creating by his will.

Looking at the will, one finds that in paragraph III the testator directed that the whole income should be paid to his son during the latter's life and that in the following sentence, when he comes to the substitutionary provision in favor of his youthful granddaughter, he changes his language from that of simple direction to pay over the whole, to one to expend for her support and education. One naturally inquires why he made this change, if no change in practical effect was intended. If he had intended that the entire net income be paid over or expended, it would seem that he would naturally have employed the simple and direct language to that effect which he had just used to accomplish a like result. The change in the form of expression is suggestive that he had some purpose in mind which would not be accomplished by a direction to pay over to the granddaughter all the net income, and that he believed that he was accomplishing that purpose by his changed language.

Paragraph V, which purports to serve no other purpose than to give the testator's explanation for his testamentary provisions, throws no little light upon the matter under consideration, and upon the testator's understanding of the effect of his language used earlier

in the will and his intent in using it. In this explanatory paragraph he says that he makes no provision for the legal heirs of Dorothy, for the reason that, in his opinion, if the surplus of the net income is carefully husbanded during the life of his son and the minority of Dorothy it should suffice for her legal heirs.

Here is unmistakable indication that he expected and believed that his will as made would afford an opportunity for an accumulation of surplus net earnings, of which Dorothy's heirs in the natural course of events would by inheritance enjoy the benefit. These contemplated accumulations were to be made not only during the son's life, but during such further period as should intervene between the son's death and Dorothy's majority. Manifestly he did not anticipate exhaustion of income by expenditures during this latter period. As manifestly he did not intend to direct unnecessary expenditure to accomplish that result. On the contrary he anticipated savings and their accumulation, and hoped for a reasonable economy that they might prove adequate for a suitable provision for Dorothy's heirs. If it was in his thought that this accumulation might be made by Dorothy's guardian, whoever he or she might be, from the total net income to be paid to such guardian, the question at once arises as to why he made choice of language restrictive of the trustee's expenditures to the purposes of Dorothy's support and education. Expenditure by it for accumulation could hardly be regarded as expenditure for those purposes, and it is scarcely conceivable that if the testator had looked forward to accumulation by the guardian he would have used the language he did use.

The Superior Court is advised to render judgment advising that the plaintiff trustee may, during Dorothy

Quay Bartholomew's minority, properly expend only so much of the net income of the trust estate in its hands as may from time to time be reasonably necessary for her support and education.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.