ELIZABETH D. MOREL, administratrix, *vs.* ARTHUR D. CORNELL & others.

Bristol. December 9, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & JENNEY, JJ.

*Devise and Legacy,* Charge. *Trust,* Spendthrift.

A testator by his will gave to his son $10 per week, to be paid to him personally during his life by the residuary legatees named in the will, and to be a charge upon certain real estate devised in trust. The will further provided, "If any attachment or seizure of said annuity upon process of law shall be adjudged valid as against . . . [the son] . . . then said annuity shall be deemed to have ceased to be payable to . . . [the son] . . . upon the commencement of such legal proceedings and after said commencement to have been payable to the trustees under the residuary clause of this will to be applied by them in their uncontrolled discretion for his benefit; provided, however that my residuary legatees shall be given credit by said trustees for all sums actually paid to . . . [the son] . . . in good faith after the beginning of said legal proceedings and prior to the final decision thereof." A bill in equity was brought against the son by a judgment creditor to reach and apply in satisfaction of the judgment debt the son's interest in his father's will. *Held,* that, upon the bringing of the suit, a spendthrift trust attached to the son's interest under the will, that the son then had no absolute rights as a beneficiary which could be taken in payment of his debt, and that the suit must be dismissed.

BILL IN EQUITY, filed in the Superior Court on April 9, 1917, by a judgment creditor of Arthur D. Cornell, to reach and apply in satisfaction of the judgment debt an annuity given to the debtor under the provisions of the will of his father, Daniel H. Cornell.

The material provisions of the will of Daniel H. Cornell were as follows:

"5. I give to Arthur W. Allen, Chauncey H. Sears and my wife Emma C. Cornell [by codicils changed to Lester B. Cornell and Chauncey H. Sears] all said Fall River and their heirs, my three tenement house and its cartilage situated on Mott Street in said Fall River, in part of which my son Arthur D. Cornell now lives, to hold the same on trust during the life of said Arthur D. Cornell to manage and control said real estate and after paying all proper expenses in connection with such management and control to pay over the net proceeds in their discretion to or for the benefit of my said son Arthur, his interest in said property not to be alienable nor subject to anticipation by him, nor to attachment by his creditors. I direct said trustees to allow him to occupy rent free so much of said house as may be reasonably necessary for the actual use of himself and his family. Upon the death of said Arthur D. Cornell this trust is to terminate and said real estate is to be disposed of as part of the rest and residue of my estate, under the residuary clause of this will.

"6. I give to my son, Arthur D. Cornell, the sum of ten dollars per week to be paid to him personally during his life by my residuary legatees, the same not to be alienable nor subject to anticipation by him nor to attachment or seizure by his creditors. If any attachment or seizure of said annuity upon process of law shall be adjudged valid as against said Arthur then said annuity shall be deemed to have ceased to be payable to said Arthur upon the commencement of such legal proceedings and after said commencement to have been payable to the trustees under the residuary clause of this will to be applied by them in their uncontrolled discretion for his benefit; provided, however that my residuary legatees shall be given credit by said trustees for all sums actually paid to said Arthur in good faith after the beginning of said legal proceedings and prior to the final decision thereof."

The suit was heard by *Sanderson*, J. The facts alleged in the

bill were admitted to be true. The judge made a report to this court, reading, in part, as follows:

"Since the bringing of the bill the annuity of $10 a week granted to the said Arthur D. Cornell has been withheld until the further order of the court in pursuance of a stipulation made by the parties instead of a preliminary injunction, and is accumulating in the possession of the defendants other than Arthur D. Cornell. The only question is whether Arthur D. Cornell took under the will and codicils of his father any interest which is capable of being reached by his creditors. I ruled that he did not, subject to the exception of the plaintiff, and at the request of the parties I report the case on the stipulation that if the ruling was right the bill is to be dismissed, and if the ruling is wrong a decree is to be entered in favor of the plaintiff."

The case was submitted on briefs.

*J. W. Cummings, C. R. Cummings & J. W. Nugent,* for the plaintiff.

*B. Cook, Jr.,* for the defendant Arthur D. Cornell.

PIERCE, J. If we assume, as the plaintiff contends we should, that the gift under the sixth paragraph of the will to the son of $10 per week, to be paid to him personally during his life by the residuary legatees (which annuity was a charge on certain real estate devised in trust), created in the son an absolute incorporeal legal right which was enforceable primarily against the residuary legatees and secondarily against the devisees, *Henry* v. *Barrett,* 6 Allen, 500, *Woods* v. *Gilson,* 178 Mass. 511; and should we further assume that a spendthrift trust will not attach to a legal right which is not alienable or subject to anticipation, and is to be paid personally (as to which see *Boston Safe Deposit & Trust Co.* v. *Collier,* 222 Mass. 390); we nevertheless are of opinion that a spendthrift trust did attach to the interest of the son in the estate by relation as of the time of the commencement of these proceedings, because of the provisions of the sixth paragraph, which plainly were inserted to provide against a successful attack upon the validity of the annuity considered as a gift free from any claims of creditors.

Such provisions read: "If any attachment or seizure of said annuity upon process of law shall be adjudged valid as against said Arthur then said annuity shall be deemed to have ceased to

be payable to said Arthur upon the commencement of such legal proceedings and after said commencement to have been payable to the trustees under the residuary clause of this will to be applied by them in their uncontrolled discretion for his benefit." The testator legally could have provided that his residuary trustees "in their uncontrolled discretion" might pay to his son money for his benefit; and there is no reason why such a provision may not operate in substitution of any prior provision. *Nickerson* v. *Van Horn*, 181 Mass. 562. It is settled that such a provision confers no absolute rights on the beneficiary which he can alienate in advance, or which can be taken for the payment of his debts. *Wemyss* v. *White*, 159 Mass. 484. It follows that the ruling of the judge of the Superior Court was right; and, by the stipulation, the bill is to be dismissed.

*Bill dismissed.*