Foley *v.* Hastings.

---

WALTER F. FOLEY vs. FORDE H. HASTINGS.

*Third Judicial District, New Haven, June Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Under § 5872 of the General Statutes, the income from a trust fund is liable in equity to the claims of creditors of the beneficiary if there is no provision for accumulation, and the trustees are not

*Transferred from First Judicial District.

Foley *v.* Hastings.

expressly authorized to withhold such income, and it is not expressly given for the support of the beneficiary. or his family; but if any one of these conditions is present, the income is exempt from such claims.

The trustee in the present case was directed to divide the trust fund into three equal parts and was authorized "to pay over the net income of the respective portions to, or apply and use the same for the benefit of the children of my deceased niece . . . and if at any time the income is in its discretion insufficient for the support, maintenance and education of any of said beneficiaries, so much of the principal of the property then held in trust for him or her as the trustee in its discretion may deem necessary for that purpose." *Held* that the trustee was "authorized to withhold" the income from the beneficiaries, within the meaning of § 5872, as much as though it were given the power, in its discretion, not to use it at all for them; and that, therefore, such income was not liable in equity to the claims of the creditors of the beneficiaries.

Whether, under the law of this State, an equitable life estate, under which the life tenant may have absolute rights, may be created by one for the benefit of another, which shall be inalienable by the beneficiary, *quaere.*

Where, as in the present case, a trustee is given such authority to withhold the income that, under the statute, creditors of the beneficiaries may not reach it, it is not within the power of the beneficiaries to alienate or assign that income.

This court will not answer questions propounded in a reservation, which go far beyond the facts appearing of record and which involve conditions likely never to arise.

Upon a reservation to determine the rights of a beneficiary to assign, or of his creditors to attach, the income of a trust fund set apart for him, the costs of the suit should be paid from that income.

Argued June 9th—decided November 23d, 1927.

APPLICATION for an order requiring the trustee of a fund of which the defendant is a beneficiary to pay to the plaintiff the amount of a judgment rendered in his favor against the defendant, made to the Court of Common Pleas for Hartford County and reserved by the court (*Molloy, J.*), upon an agreed statement of facts, for the advice of this court.

*Walter F. Foley,* the plaintiff, *pro se.*

*Walfrid G. Lundborg,* for the Middletown Trust Company, conservator.

*Reinhart L. Gideon,* for the Hartford-Connecticut Trust Company, trustee.

MALTBIE, J.  The informal procedure which has been followed in this action would be sufficient reason to decline to entertain this reservation.  As, however, the questions propounded must of necessity be determined in some way, all the necessary parties have appeared before us, and the proper administration of trusts is peculiarly a matter calling for the aid of the court, we have decided to overlook the defects of procedure and answer the questions asked.

The questions involved arise out of the provisions in the will of Frances Z. Niles.  In the Fifth Article of that instrument she gives one third of the residue of her estate to a trust company with the following directions:  "To hold, manage and invest the same, with power of sale and reinvestment of any part thereof, real or personal, at its discretion, and to divide the same into three equal parts or portions, and to pay over the net income of the respective portions to, or apply and use the same for the benefit of the children of my deceased niece, Alice Hansell Hastings, namely, Alison, Anne Frances and Forde Huntington Hastings, until they respectively attain the age of thirty (30) years, and when said Alison shall attain the age of thirty (30) years, to pay over to her all property then held in trust for her, to be hers absolutely; and when said Anne Frances shall attain the age of thirty (30) years, to pay over to her all property then held in trust for her, to be hers absolutely; and

when said Forde attains the age of thirty (30) years, to pay over to him all property then held in trust for him, to be his absolutely; and I further authorize the trustee if at any time the income is in its discretion insufficient for the support, maintenance and education of any of said beneficiaries, to pay over to or use and expend for such beneficiary, so much of the principal of the property then held in trust for him or her as the trustee in its discretion may deem necessary for that purpose." The Sixth Article then provides: "No part of the income or principal of any property given in trust under this will shall be subject to anticipation, alienation or assignment by any beneficiary."

On January 25th, 1926, the defendant executed an instrument reciting: "I, Forde H. Hastings, hereby transfer and do assign to said A. S. Albrecht, attorney, Two hundred Nine and Eighty-five cents (209.85) of the income from a trust fund established by the will of Frances Z. Niles, which trust fund is in the custody of the Hartford-Connecticut Trust Company, Trustee. . . . I direct that the Hartford-Connecticut Trust Company, Trustee of said fund pay to A. S. Albrecht, attorney, the above named amount from the income that is due or may become due me, until said amount is fully paid, and I further direct that this assignment be preferred as against any that I may have given to date or may give hereafter." On June 30th, 1926, the defendant executed an instrument reciting as follows: "I hereby assign to Walter Gildersleeve or order, any and all interest due me, or to become due from the estate of Frances Z. Niles, to the sum of One Hundred and Sixty Dollars ($160.00/100) and hereby authorize The Hartford-Connecticut Trust Co. to make over to him said sum as it may become due." The present action was begun by writ dated September 24th, 1926, and the officer serving it was directed to leave a copy

with the Hartford-Connecticut Trust Company as garnishee; judgment for the plaintiff to recover $500 damages was rendered November 12th, 1926; and thereafter an execution was issued and served upon the trust company, but it refused to pay over any income from the fund held by it for the benefit of the defendant.

Section 5872 of the General Statutes provides: "Whenever property is given to trustees to pay over the income to any person, and there is no provision for accumulation, and the trustees are not expressly authorized to withhold such income, and the income is not expressly given for the support of the beneficiary or his family, such income shall be liable in equity to the claims of all creditors of such beneficiary." The parties have assumed, in the argument of this case, that it falls within the terms of this statute, and we shall so treat it. The language of the statute is somewhat involved and perhaps its meaning may be made more evident if its language is somewhat transposed: When property is given to trustees to pay over the income to any person, that income shall be liable in equity to the claims of creditors of the beneficiary if there is no provision for accumulation, and the trustees are not expressly authorized to withhold such income, and the income is not expressly given for the support of the beneficiary or his family. It follows that if any one of the conditions therein specified are present, then the income is not liable to the claims of creditors of the beneficiary. The condition which now concerns us is that which has to do with express authority to the trustee to withhold the income. By withholding the income, clearly the statute does not intend an authority in the trustee not to use it at all, for the condition just preceding expressly covers such a situation, nor is the language adapted to a situation

where the trustee has power to divert the income to some other purpose. The statute includes in this provision authority in the trustee, instead of paying over the income, himself to expend it as he may see fit for the beneficiaries. Such a use of it is in fact as much a withholding of it from the beneficiaries as if the trustee were given authority, at its discretion, not to use it at all for them.

In the will before us, the testatrix directed the trustee "to pay over the net income of the respective portions to, or apply and use the same for the benefit of the children of my deceased niece." As indicating her intent in thus authorizing the trustee to "apply and use" the income for the beneficiaries, the provision giving the trustee power to expend the principal is significant. To repeat that provision: "I further authorize the trustee if at any time the income is in its discretion insufficient for the support, maintenance and education of any of said beneficiaries, to pay over to or use and expend for such beneficiary, so much of the principal of the property then held in trust for him or her as the trustee in its discretion may deem necessary for that purpose." The phrase "in its discretion," when first used, evidently means no more than that the trustee is to be the one to determine whether the income is insufficient for the support, maintenance and education of the beneficiaries; when used the second time, it is meant to make the trustee the sole judge as to the amount which it is to pay over, if it determines that insufficiency to exist. Having made that determination, the duty to expend from the principal so much as it deems necessary is an absolute one. That being so, this provision characterizes the whole purpose of the testatrix; for certainly she could not have intended to compel the trustee to expend the principal for the beneficiaries, if they were to have the right to expend the

income, or charge it with their debts, in any way they saw fit, and thus, by wasting it, make inroads upon the principal necessary.

The alternative power given the trustee, instead of paying over the income, to "apply and use the same for the benefit" of the beneficiaries, is thus seen to be something more than a mere provision for the convenient administration of the trust; the testatrix intended that the trustee was to have power, if it deemed that the beneficiaries were not properly expending the income when paid to them, itself to apply and use it for their benefit. Indeed, any doubt which might remain as to her intent in this regard, is removed by the terms of the provision authorizing the trustee to draw upon the principal, for there her words are "use and expend for such beneficiary," and obviously she meant thereby to express the same intent as is embodied in the earlier phrase authorizing the trustee to "apply and use" the income for the beneficiaries. The testatrix did not intend to give them the unrestricted right to require the payment of the income to them, but did intend that if they were found incapable of using, or unwilling to use, it properly, the trustee should itself have control over its expenditure in order to ensure its application to their support and education. The provision that the trustee might "apply and use" the income for the beneficiaries, is an express authority to it, in its discretion, to withhold the income from the beneficiaries and itself to expend it for them. It therefore falls within the second condition stated in the statute, and it follows that the income is not liable to the claims of creditors of the beneficiary.

We are not called upon in this case to determine the broad question whether, under the law of this State, an equitable life estate under which the life tenant may have absolute rights, may, by appropriate lan-

guage, be created by one for the benefit of another, which shall be inalienable by the beneficiary. In *Mason* v. *Rhode Island Hospital Trust Co.*, 78 Conn. 81, 85, 61 Atl. 57, we stated that the great current of modern authority in this country is to the effect that this may be done; but in the will then before the court the trustee was given the right to withhold the whole or any part of the income of the trust fund from the beneficiaries and to accumulate the unused portion until the expiration of the trust; and so, that statement cannot properly be deemed to constitute an adoption or approval of the doctrine therein recognized. *Carter* v. *Brownell*, 95 Conn. 216, 224, 111 Atl. 182. In the case last cited, we pointed out that §§ 5872-5875 of the General Statutes established a distinct policy in this State with reference to so-called spendthrift trusts. While the provisions of these statutes do not in express terms deal with the rights of those who claim as assignees of beneficiaries, their implications do, and indicate that the policy of the State represented in them is broad enough to include such rights. Where, as in the instant case, the trustee is given such authority to withhold the income that, under the statute, creditors of beneficiaries may not reach it, it is not within the power of the beneficiaries to alienate or assign that income. The assignments attempted to be made by the defendant, Hastings, are therefore invalid.

The questions propounded in the reservation are so drawn as to go far beyond any situation presented by the facts before us and to involve conditions which may very likely never arise. We confine our answers to the subject-matters actually involved in the litigation. *Bridgeport Trust Co.* v. *Bartholomew,* 90 Conn. 517, 520, 97 Atl. 758. To the first question stated in the reservation, asking whether the provisions of the

will create a spendthrift trust for the benefit of the defendant, we answer that they create a trust which falls within the second condition stated in § 5872 of the General Statutes, under which the income is not liable to attachment or execution by creditors of the beneficiaries, and as a consequence, may not be alienated or assigned by the beneficiaries. To the fifth question, asking whether the costs of this action should be paid from the income or principal of the trust established for the defendant or of the entire trust fund, we answer that they should be paid from the income of the trust fund set aside for the defendant. The other questions asked do not require answers.

No costs will be taxed in this court in favor of any party.

In this opinion the other judges concurred.