Nicholas S. Hill, 3d *v.* Florence A. H. Wright, Executrix and Trustee, et als. (Will of Nicholas S. Hill, Jr.)

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued March 4—decided May 8, 1941.

*Sheldon B. Smith,* for the appellant (plaintiff).

*Farwell Knapp,* for the appellees (named defendant and defendant Chase National Bank, executors and trustees).

MALTBIE, C. J.  The plaintiff brought this action for a declaratory judgment to determine his rights in the

estate of Nicholas S. Hill, Jr. The complaint, in so far as necessary for our present decision, contained in effect the following allegations: The testator left a widow, a son, who is the plaintiff, a daughter and four grandchildren, one the son of the plaintiff and three the children of the daughter. All the grandchildren are minors, the oldest being about nineteen years of age. All of these persons are alive. In the fourth article of the will, the testator created a trust fund of $50,000, the income to be paid to his widow during her life and upon her death the principal to become a part of the trust fund established for the benefit of his grandchildren in the thirteenth article; in the twelfth article he provided that the residue of his estate should constitute a trust fund, the income of which should be paid to his widow during her life; and in the thirteenth article he provided that after her death the principal of the trust fund should be divided into equal shares per capita, and not per stirpes, for the benefit of his grandchildren, the income to be paid to his daughter to be used in equal shares for the benefit of the grandchildren as she might in her judgment deem proper, that when the youngest of his grandchildren then living reached the age of twenty-five years, the principal of the trust fund should be paid to them in equal proportion, and that in the event that any of his grandchildren had died before that time, leaving lawful issue, the share of the trust fund which would have gone to that grandchild if living, should be paid to his lawful issue. The executors and trustees have proceeded with the administration of the estate upon the basis that the trusts created by the testator were valid. The plaintiff claimed in the first count of the complaint that all the trusts, including those for the benefit of the widow, were invalid, and, in a second count, that if this were not so, the trusts for the grandchildren and their issue

to come into effect upon her death were invalid. A demurrer to the complaint was filed upon the grounds that in so far as it purported to state a cause of action based upon the invalidity of the trusts for the widow, it did not appear from the allegations of the complaint that they are invalid or that their validity could not be sustained even if the remainder interests or some of them are invalid, and in so far as the complaint purported to state a cause of action based on the invalidity of the trusts to come into effect at her death, it appeared from the complaint that the action was prematurely brought; and the demurrer was also addressed to the relief sought in so far as it pertained to the validity of these provisions, upon the same grounds. The trial court sustained the demurrer substantially upon the ground that the remedial objectives of the declaratory judgment act do not include such a construction of a will as that here sought, and that as regards future interests the question should not be decided until a situation arises which would bring them into effect. From a judgment for the defendants entered upon the failure of the plaintiff to plead over, the latter has appealed.

The demurrer to that portion of the complaint in which the plaintiff sought a declaration that all the trusts, including those for the widow, were invalid, was not based upon the ground that the action was prematurely brought, but the claim was that the trusts for the widow were, as matter of law, valid. The object of an action for a declaratory judgment is to secure an adjudication of rights which are uncertain or in dispute, and the complaint need only allege that there is such uncertainty or dispute and the facts necessary for the determining of the question. If rights are so clear that there is no uncertainty or dispute as to them, a demurrer upon that ground would lie. But where the

complaint in such an action does not seek affirmative relief, a demurrer cannot properly be addressed to it on the ground that the facts alleged would not legally support a judgment sustaining the claim of the plaintiff, because he does not claim direct relief, but only a declaration of his rights. Such a declaration can be made only in the final judgment rendered in the action. The demurrer in this case was upon the ground that the trust provisions were valid and this could not be determined upon such a pleading. The first ground stated in it was insufficient.

We add, however, that if the trust provided in the fourth article is invalid, the fund would fall into the residue, and if the disposition of the residue was invalid the property would become intestate. *Daboll* v. *Daboll*, 101 Conn. 142, 146, 125 Atl. 253; *Shannon* v. *Eno*, 120 Conn. 77, 97, 179 Atl. 479. The plaintiff, as one of the testator's heirs, is, if that is so, presently entitled to his share of the property. He certainly would be entitled to enforce that right in some form of action, and none affords a simpler or more direct method of having the question determined than does an action for a declaratory judgment. *Lloyd* v. *Weir*, 116 Conn. 201, 204, 164 Atl. 386. It is true that the plaintiff's claim with reference to the trusts for the widow is not that they are in themselves invalid, but that they are so indissolubly linked with the trusts to go into effect at her death, which are invalid, that all must fail. This claim might require a present determination of the validity of the trusts following her death and in the decision of that question it may well be that the interests of unborn grandchildren or the issue of grandchildren might be affected. This, however, could not prevent a present decision as to the plaintiff's right to the immediate possession and enjoyment of the estate. *National Transportation Co., Inc.* v. *Toquet*, 123 Conn.

468, 481, 196 Atl. 344. The situation in this respect is no different from that frequently presented in actions for the construction of a will where the validity of a gift to remote issue is involved. The plaintiff was entitled to maintain the action, at least in so far as the complaint sought a decision as to the validity of all the trusts, because if they were invalid he had a present right to the enjoyment of a portion of the estate as an heir-at-law of the testator.

In so far as the complaint sought an adjudication upon the alternative basis that even though the trusts for the widow were valid, the trusts to come into effect at her death were invalid, the situation is somewhat different, because the plaintiff would not now have a present right to the enjoyment of any portion of the estate. He would, however, have a present vested right to receive in the future a portion of the estate, which he could convey or dispose of by will or which would descend to his heirs. *Beach* v. *Meriden Trust & Safe Deposit Co.*, 98 Conn. 821, 827, 120 Atl. 607; *Allen* v. *Almy*, 87 Conn. 517, 523, 89 Atl. 205. This would be so, if all the grandchildren of the testator for whose benefit the trusts in the thirteenth article were provided, survived the widow, upon the ground of the invalidity of the trusts for them, and it is equally true if all these grandchildren died before the widow, without issue, because the will makes no gift over in the event of such a contingency and the property would become intestate. The plaintiff had, then, a claimed right the determination of which is within the scope of our declaratory judgment law. Practice Book, § 249.

That, however, would not require the court to make such an adjudication if, in its discretion, it believed that the action was prematurely brought. Practice Book, § 250(c). From an examination of the defendants' brief and the cases cited in it, there emerge three

grounds for their contention that the actions should not be maintained at this time: As the plaintiff will not be entitled to the enjoyment of the property until the death of the widow, there is no present need for a determination of his rights; a judgment that the trusts which would come into effect at the death of the widow are invalid, might affect the interests of unborn persons, grandchildren born during the life of the widow or the issue of grandchildren dying during her life; and it is possible that a present determination of the invalidity of the trusts would be academic because if, at the death of the widow, no grandchildren or issue of grandchildren survived, the right of the plaintiff would rest upon the fact that the property was intestate due to the lack of any provision for its disposition in such a contingency.

The defendants cite numerous cases where, in actions for the construction of wills, we have refused to determine questions as to future interests for reasons such as these. While there is an analogy between actions brought by executors, administrators or trustees seeking the construction of wills or trusts and actions for declaratory judgments, it should perhaps be pointed out that there is a distinction which may at times be material. The former type of action constitutes an invocation of the equitable power of the court to advise a fiduciary as to the administration of the estate in his hands in order that he may carry out the terms of the instrument creating it lawfully and with safety to himself; *Crosby* v. *Mason,* 32 Conn. 482, 483; *Russell* v. *Hartley,* 83 Conn. 654, 665, 78 Atl. 320; *Bridgeport Trust Co.* v. *Bartholomew,* 90 Conn. 517, 520, 97 Atl. 758; *May* v. *May,* 167 U. S. 310, 323, 17 Sup. Ct. 824; and there is no need to give advice where the question is not one affecting the present administration of the estate.

As has already been pointed out, the fact that an adjudication of the plaintiff's rights might affect the interests of unborn persons does not prevent a present determination of them, in a proper case. A decision as to the validity of the trusts might, it is true, prove academic because, if at the death of the widow no grandchildren or issue of grandchildren survive, the plaintiff would be entitled to a share in the fund as intestate, because not disposed of by the will. While possible of occurrence, this situation is not likely, in view of the fact that there are four grandchildren now living. We have held that a declaratory judgment may determine rights which are contingent upon the happening or not happening of some future event, if there is practical need to do so. *Sigal* v. *Wise,* 114 Conn. 297, 302, 158 Atl. 891; *Moeller* v. *English,* 118 Conn. 509, 514, 173 Atl. 389. Where a plaintiff claims a present right as to which there is uncertainty, a remote possibility that future events may make the decision academic is not sufficient to prevent the rendition of a declaratory judgment, if there appears a sufficient present need for such relief. Borchard, Declaratory Judgments, 126. The plaintiff might establish that he is entitled to a declaratory judgment, and in the last analysis, the question before us is, was it necessary for him to plead facts showing such a practical present need of it, under penalty of having his complaint adjudged insufficient on demurrer.

The objections urged may be such that the court at the trial may conclude that it should not declare the rights of the parties, at least beyond those involved in the claim as to the invalidity of the trust to the widow, but they are not decisive as matter of law, and the question is one for the court to decide in the exercise of a sound discretion. One who demurs upon the ground that relief should not be granted because of

matters going to the exercise of discretion by the trial court assumes the burden of showing that the court, in the exercise of a sound discretion, could not grant relief. *Link* v. *State,* 114 Conn. 102, 107, 157 Atl. 867. Moreover, a demurrer upon the ground that an action is prematurely brought lies only when that appears upon the face of the complaint; *Dickerman* v. *New York, N. H. & H. R. Co.,* 72 Conn. 271, 275, 44 Atl. 228; and that is not so here. Such objections as the defendants make can best be determined upon the trial in the light of all the facts then appearing. *Sigal* v. *Wise,* supra; *Moomjian* v. *Fine,* 116 Conn. 697, 699, 163 Atl. 406; *Gurfein* v. *Werbelovsky,* 97 Conn. 703, 706, 118 Atl. 32. The demurrer to the complaint in so far as it sought an adjudication that the trusts to come into effect at the death of the widow were invalid should also have been overruled. It necessarily follows that the demurrer to the prayers for relief was not well taken.

There is error, and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.