Haet, J.
 

 The question for determination in this case may be stated as follows: AYhere, by the terms of a testamentary trust, the trustee is authorized but not required to make a distribution of income from the "trust to or for the benefit of one or more of three beneficiaries of the trust, leaving such distribution .among the three beneficiaries as to time and amount to the sole discretion of the trustee, does a beneficiary receiving a distribution of income under such trust have a taxable interest therein, the value of which, for tax purposes, shall be based upon the income yield from the trust investment paid to such beneficiary during the previous calendar year? Or, stating the question more specifically, did the appellant, David B. Harker, on tax-listing day, January 1, 1938, own an interest, taxable under the intangible tax laws of this ■state, in the trust created by the will of his brother, William W. Harker, which interest and tax is determinable by the income which he received as a beneficiary under such trust?
 

 The first claim made by the appellant is that the sole basis of a levy of an intangible tax against a resident beneficiary of a trust is a property right or interest in such trust belonging to the beneficiary measured by the income yield received therefrom. The appellant insists that the mere fact that he received a distribution of cash from the trust fund is not sufficient to create a tax liability; but that it must be shown that
 
 *350
 
 such income was received by him by virtue of a property interest in the trust fund which, by the terms of the will creating the trust, was vested in him on tax-listing day.
 

 The appellant claims this is evident from the wording of the statutes which authorize the levy of an intangible tax. Section 5328-1, General Code, provides that “all moneys, credits, investments, deposits, and other
 
 intangible property of persons
 
 residing in this state shall be subject to taxation.” (Italics ours.) And Section 5370, General Code, requires that “each person shall return all the taxable property of which he is the owner excepting that required by this section * * * to be returned for him by a fiduciary.”
 

 This court is in accord with the contention of the ■appellant in this one respect. Intangible taxes can be levied only upon property in which the taxpayer has-some beneficial interest.
 
 Rowe
 
 v.
 
 Braden et al., Tax Comm.,
 
 126 Ohio St., 533, 541, 186 N. E., 392. However, the character or extent of that interest or ownership may depend upon many circumstances and contingencies, some of which will be hereinafter considered.
 

 The second major contention of the appellant is that,, by the terms of the will in question and because of the character of the trust created, he had no title or interest, in this trust which furnished a basis for the levy of an intangible tax against him. He claims that the intention of the testator clearly expressed in the will was to' exclude him, and that as a matter of fact he was excluded from any property interest in the trust. He bases his contention in this regard, in part, on that clause of the will which provides: “My brother David B. Harker shall have created in him no property rights-whatever under the terms of my will, unless, until and then only to the extent that my said trustee shall deliver to him income accruing on the principal of this-
 
 *351
 
 trust estate.” Appellant also claims that his exclusion from any property interest in the trust itself is also made clear by that provision of the will which directs that “my said trustee shall have full power to withhold payment of any of said income to said David B. Harker at any time when in the sole discretion of my said trustee he deems best so to do.”
 

 Lastly, it is claimed that the character and legal incidents of the trust exclude appellant from any property interest therein; that the trust in question is a discretionary trust, one of the essential features ■of which is that the beneficiary has no interest in the trust; and that his only property interest is in any ■distributional share after it is actually paid to him.
 

 It is a well recognized attribute of a discretionary trust, wherein the trustee has the option of giving the
 
 ■cestui
 
 a benefit under the trust or of excluding him ■entirely from all benefit, that the beneficiary has no assignable or alienable interest in the trust; aud that neither the beneficiary nor his creditors can sequester •any part of the trust or compel any distribution of any ■claimed equitable interest of the beneficiary therein.
 
 Brooks
 
 v.
 
 Raynolds
 
 (C. C. A. 6), 59 F., 923 (certiorari denied,
 
 Brooks
 
 v.
 
 Raynolds,
 
 154 U. S., 495, 38 L. Ed., 1078, 14 S. Ct., 1142) ; 1 Scott on Trusts, 774 and 777, Sections 155 and 155.1; 1 Bogert on Trusts, 740, Section 226; 1 Perry on Trusts and Trustees (7 Ed.), 646, Section 386a; 1 Restatement of Trusts, 383, Section 155, comment a;
 
 Morel
 
 v.
 
 Cornell,
 
 234 Mass., 563, 125 N. E., 575;
 
 Foley
 
 v.
 
 Hastings,
 
 107 Conn., 9, 139 A., 305;
 
 King
 
 v.
 
 King,
 
 168 Ill., 273, 48 N. E., 582.
 

 Ordinarily, the intention of a testator or a trustor •as to the interest and rights of his beneficiary under the trust, as expressed in the trust instrument, will •control.
 
 Biles
 
 v.
 
 Webb,
 
 118 Ohio St., 346, 161 N. E., 49. But that intention must be gathered from the entire
 
 *352
 
 instrument. If a testator or trustor says one thing; but does another in setting up the terms, purposes and operative procedure of the trust, the latter must necessarily prevail. The will in this case contemplates-the investment of the trust fund for the benefit of the-appellant beneficiary and provides that the income-therefrom shall be distributed in the discretion of the-trustee as to time and amount, “for the account or benefit of any one or more of said beneficiaries.” It. must also be borne in mind that the question before this-court relates solely to the taxability of the trust'estate-as reflected by its character and operation. The legal title of the trust estate is vested in the trustee. The-equitable estate or interest must necessarily vest, somewhere and can only vest in the present or ultimate beneficiaries of the trust, or in both.
 

 For taxation purposes the title to the taxable corpus-may be a very limited interest or estate. There is no-requirement that it be an alienable or assignable interest. Section 5323, General Code, defining the term investments, includes “all
 
 equitable interests, life, or other limited estates
 
 and annuity interests in any investment hereinbefore described, or in any fund made up in whole or in part of any such investments, wherever located.” (Italics ours.) Section 5370, General Code, provides that “nothing herein shall be so construed as to authorize any person to-omit from his return of taxable property
 
 his interest in investments
 
 and other taxable intangible property yielding income owned
 
 or held for his benefit by a-fiduciary
 
 and not taxed at the source.” (Italics ours.)
 

 While the payment of income to the appellant was a matter of discretion with the trustee, nevertheless the trustee was obliged to determine whether a distribution should be made to any of the several bene
 
 *353
 
 ficiaries and if made the amount thereof. When he determined to make a certain distribution of income to the appellant he necessarily allocated to the appellant the use of a corresponding portion of the corpus of the trust for the income-producing period. To that extent the interest of the appellant in the trust for the taxable year was fixed, and, in the opinion of“the court, became taxable as a property interest, measured by the income yield. If the trustee had determined to pay all the income from the corpus of the trust for the year 1937 to the appellant, such trustee, necessarily and unavoidably, would have held the corpus of the trust for that year for the use and benefit of the appellant; if, on the other hand he determined to pay a portion of the income for that year to the appellant, as he did, the trustee automatically allocated to the appellant the use of such portion of the corpus of the trust as produced the income actually and in fact paid to him.
 

 In the opinion of the court, such use of the trust corpus for the production of the actual income paid to the appellant constituted in the appellant a taxable investment in the trust estate. The adoption of the theory and claim of the appellant would relieve and exempt all income yield arising from discretionary trusts from taxation under the intangible tax laws of this state. Such a result was not contemplated or provided under the taxation code.
 

 The decision of the Board of Tax Appeals is affirmed.
 

 Decision affirmed.
 

 Weygandt, C. J., Turnee, Williams, Matthias and Zimmeeman, JJ., concur.